ELLIS DANIEL, plaintiff in error, *vs.* HILLIARD H. SULLI-
VAN, defendant in error.

The domicil or residence of a person of full age, and laboring under no
disability, is the place or county where the family of such person shall
permanently reside, if in this State, and suit should be there instituted
against him. (R.)

Venue. Domicil. Residence. Before Judge JOHNSON.
Talbot Superior Court. March Term, 1872.

For the facts of this case, see the decision.

MARION BETHUNE, represented by B. B. HINTON, for
plaintiff in error.

E. H. WORRILL; W. A. LITTLE, for defendant.

WARNER, Chief Justice.

The plaintiff sued the defendant on a promissory note in
the county of Talbot. The defendant filed his plea in abate-
ment to the jurisdiction of the Court, alleging that he was a
citizen and resident of the county of Monroe, in this State.
The evidence on the trial went to show that the defendant
was a married man, that his wife and family resided in the
county of Monroe, but that the defendant had a plantation
in the county of Talbot, and spent a considerable portion of
his time in the latter county. The Court charged the jury
" that if the defendant had a family at and before the com-
mencement of the suit, consisting of his wife and children,
whom he had not abandoned, and if his wife and children
were permanently resident and domiciled in the county of
Monroe, in this State, then the defendant, by operation of
law, was a citizen of Monroe county, although he might have
had a place in Talbot county and spent most of his time at
it." To this charge as given, and the refusal to charge as
requested, the plaintiff excepted. There was no error in the
charge of the Court to the jury on the facts as disclosed in

the record, or in refusing to charge as requested. The domicil or residence of a person of full age, and laboring under no disability, is the place or county where the family of such person shall *permanently* reside, if in this State, and suit should be instituted against him in that county: Code, 1689.

Let the judgment of the Court below be affirmed.