Primrose *vs.* Browning.

MARY E. PRIMROSE, plaintiff in error, *vs.* JOHN S. BROWN-ING, defendant in error.

1. In a claim case, the burden of proof is upon the plaintiff in execution to show title in the defendant in order to authorize a verdict that the property is subject; and when the plaintiff seeks to do so by proving that the proceeds of the sale of lands voluntarily conveyed to the wife by the husband, after he became indebted to the plaintiff, paid for the land levied on, though the deed was made by the vendor to the wife, the deeds from husband to wife and from the vendor of the land levied on to the wife, are essential links in the chain which binds the land levied on to pay the plaintiff's debt, and parol evidence of the character or contents of these deeds is inadmissible; the deeds themselves must be introduced or accounted for.

2. When such a deed is introduced, its consideration may be attacked by parol, and though purporting to be valuable, it may be proven to be purely voluntary.

3. An insolvent debtor cannot make a legal voluntary conveyance of lands' so as to defeat existing debts, and section 2662 of the Code is applicable to such a case; nor does it matter with what intent the deed be made; the debtor must be just before he can be generous, he must pay what he owes before he can give away. Yet whether he be insolvent or not, is a question for the jury, and that question being in dispute and dependent on the facts proven, it is error in the court to charge that "no debtor in the condition of Primrose could make such a gift of his property."

4. An accommodation indorser becomes a debtor at the time he puts his name on the note, and not from the time that the note matures; and if in this case he made the deed of gift to his wife after the indorsement, and then owed more than he owned, he was insolvent; and the deed to his wife, if voluntary, was injurious to the holder of the note and void against him as an existing creditor.

Claim. Evidence. Deeds. Debtor and creditor. Charge of Court. Indorsement. Fraudulent conveyance. Before Judge TOMPKINS. Richmond Superior Court. October Term, 1875.

Reported in the opinion.

H. CLAY FOSTER, for plaintiff in error.

BARNES & CUMMING, for defendant.

JACKSON, Judge.

Browning obtained judgment against P. H. Primrose as indorser, upon a note dated November 12th, 1873, and payable thirty days after date; execution was issued thereon, and was levied upon certain land as the property of said defendant; the land was claimed by Mary E. Primrose, and on the trial of the claim case it was agreed between counsel that the note became due five days after the date of the deed under which claimant claimed the land.

The plaintiff in execution proved by the defendant, who was the husband of the claimant, that his wife had no separate property prior to his conveying it to her; that he conveyed to her the old homestead place near Harrisburg, and that this property levied on was bought by her from proceeds · of the sale of that homestead; that after making a deed to his wife, he had $7,000 00 or $8,000 00 in property, and owed $10,000 00 or $12,000 00; that he had $2,000 00 or $3,000 00 in cash in his butchering business; that he made the deed not to delay or defraud creditors, but to secure a homestead to his family.

At the close of this testimony claimant moved for a nonsuit, the court refused the motion, the jury found the property subject, and the claimant moved for a new trial on the following grounds:

1st. Because the court erred in permitting the defendant, Primrose, to testify over claimant's objection, that he made a voluntary conveyance of the homestead to claimant, and that the property levied on was bought with the proceeds of that place.

2d. Because the court erred in refusing the non-suit.

3d. Because he erred in charging that if defendant, Primrose, was insolvent the deed was void, and that he was insolvent if he owed more than he owned.

4th. Because he erred in refusing to charge that if Primrose was an accommodation indorser of O'Dowd & Company, he was not the debtor of plaintiff until the note matured.

5th. Because the court erred in applying section 2662 of the Code to this case, and in remarking thereon that no debtor in the condition of Primrose could make such a gift of his property.

6th. Because the court erred in charging that if the jury believed the testimony given in the case that the deed was made after signing the note, the deed was void.

7th. Because the verdict was contrary to law and to the evidence.

The court overruled the motion on all the grounds, and this is the error assigned.

1, 2. We think that the motion for a new trial should have been granted, because the court erred in allowing the defendant, Primrose, to testify in respect to the character of the conveyance which he had made to his wife. The deed itself was the best evidence of what it contained, and it should have been produced or its absence properly accounted for. The plaintiff in execution sought to subject this property ; he did not show possession in the defendant nor any legal title in him. He sought to show title in him by showing a deed to his wife coupled with the fact that his own money, or the proceeds of land of his which was subject to this debt, paid for this land, and, thereby, a trust resulted to him, and the true title, so far as this debt was concerned, was in him. To show this, an essential link was this deed and its character, whether voluntary or for value ; and the best evidence of its contents, of what the consideration purported to be, was unquestionably the deed itself.

3. In regard to the 5th ground, we think section 2662 of the Code did apply to the case, but that the court went too far in saying that no debtor in the condition of Primrose could make such a gift of his property, for whether Primrose was solvent or insolvent was a question for the jury, and the court should not have taken upon himself to decide it. In respect to the 6th ground, we think that the court also assumed facts to be true which it was the province of the jury to pass upon.

4. Inasmuch as there was no legal evidence of the deed to

his wife, by which the plaintiff sought to show title in the defendant, we think there was not sufficient evidence to subject this land to this execution, and, therefore, that the new trial should have been granted on the grounds that the nonsuit was refused, and that the verdict was contrary to law. We see no error in the third and fourth grounds. If defendant was insolvent he could not give away his property, and he was insolvent if he owed more than he owned. His indebtedness was incurred at the moment he indorsed this paper, and not when it matured. In view of the entire case, as disclosed in the record, we think there should be a new trial. If, on that trial, it should be made to appear to the satisfaction of the jury, by competent evidence, that the defendant in execution indorsed this paper before he made the deed, if voluntary, to the homestead place to his wife, that at that time he owed more money than he had property left to pay it, and that the proceeds of the sale of this homestead place was used by the claimant to purchase the property levied on, the conveyances to both places being in evidence before the jury, then we think there would be sufficient evidence to support a verdict finding the property subject. As the case now stands we do not think that there is enough legal evidence. The court assumed facts which should have been left to the jury to find. We do not mean to say that if the deed to the homestead place should purport to be for a valuable consideration, that such consideration could not be attacked by parol and shown to be purely voluntary; but it would require stronger evidence to change the character of the considerations expressed in the deed.

Let the judgment be reversed and a new trial be granted.