## WHELCHEL v. GAINESVILLE AND DAHLONEGA ELECTRIC RAILWAY COMPANY.

1. A ground in a motion for a new trial to the effect that the court erred in admitting in evidence, over the objection of counsel, a plat referred to in the testimony of a witness, can not be considered when a copy of the plat is not attached to the motion or set out or explained in any way save only by reference to the brief of evidence, and when it does not appear what objections were made to the trial judge and overruled by him.

2. Sayings of a person in possession of real estate or some interest therein ought not to be admitted against another, unless it appears that this other claims through or under him or stands in privity with him, these declarations not being offered, apparently, to prove adverse possession on the part of the person making them. When such declarations are offered, it is material to show accurately or approximately when they were made.

3. While a party can not complain of the failure of the court to give in charge to the jury a request not in writing, he can complain, without any request having been made at all, of the fact that the court has not presented with reasonable fullness and clearness (if this be true) a material and substantial contention made by him.

4. When a defendant claims that he had a prescriptive right to maintain a mill-dam attached to land claimed by the plaintiff; that is, that he enjoyed an easement of this kind as to the plaintiff's land; and the charge in its entirety, while dealing with prescription, does not present this specific defense, certainly not with reasonable fullness and clearness, the error is material in the light of the pleadings and the evidence in this case.

5. It is error for the court to charge that permissive possession can not ripen into a prescriptive title until the defendant asserting this possession first surrenders possession and turns it over to the other party, and claims it adversely. This is putting a burden upon the defendant which the law does not impose in a case like that now before the court.

6. It is error for the court to charge that in order for the defendant to acquire prescriptive title to an easement, such as the right to maintain a dam, he must have kept the dam at a certain place and "just so high and no higher" for over twenty years. This error becomes more material when the court subsequently charges the jury that where the defendant claimed a prescriptive right to a dam, they must be satisfied from the evidence "that he claimed a dam at a certain place, of a certain height, and with certain privileges, for the full term of twenty years."

Argued October 8,—Decided October 30, 1902.

Equitable petition. Before Judge Estes. Hall superior court. August 30, 1902.

The petition alleges, in brief, that the plaintiff, for the purpose of generating electric power, by means of water-power, for the operation of its railway, has bought and is absolute owner of a certain acre of land on the west bank of the Chestatee river, in lot number

279 (described), with the right to erect on and across the river, adjacent to said acre and attaching to it, a dam of whatever kind and height desired, with all necessary rights and privileges for doing so;. also lot 160 (described), on the opposite side of the river, together with the right to erect and maintain thereon a dam across the river,. and to back water from that dam upon the remaining part of lot 279 and on lot 278, together with other adjacent lands lying above and on the river, with such other privileges as are necessary to the enjoyment of the water-power on said land. Said river is not a navigable stream. The defendant is in possession of and claims to own a part of lot number 153, on the east side of said river and extending on the north to or near the south line of said lot number 160, and even with or a few feet above the southeast corner of said one acre of lot 279; and he has for some years maintained on said river a "wing" dam, about three feet in height, extending from the east bank, on said lot number 153, up the river at an angle of about forty-five degrees to the thread or center of the stream, at or nearly on a line with the northern boundary of lot 153. He has recently, since plaintiff became the owner of the property described,. and without the consent of the plaintiff, entered on said one acre. belonging to the plaintiff, and in that part of the river west of the thread or center of the stream, and placed there obstructions of timber, rock, and earth, making an extension of said wing dam entirely across the river, of a height of four or five feet, and has raised said dam on the east side of the river from its former height of about three feet to a height of about five feet, and by threats of violence prevents the removal of said obstructions. These obstructions and defendant's dam, when allowed to fill with water, back the water of the river, to a depth of about eighteen inches, on plaintiff's shoal and dam site, which are at a distance of about five hundred feet from defendant's dam, making it very expensive and impracticable, if not impossible, to put in and lay the foundation for plaintiff's dam, and resulting in irreparable damage to plaintiff. Plaintiff is advised and believes that the defendant has no right, by grant, easement, or otherwise, to maintain any obstruction on said premises; and plaintiff bought the premises without notice of any claim of right by defendant. The maintenance of the wing dam by defendant at the height to which he has recently raised it, or at any other height sufficient to back water on plaintiff's land, even after

the completion of its dam, will prevent the draining of water from plaintiff's water-wheels back into the river, and result in continuing and permanent injury to said property, for which plaintiff could not be equitably and reasonably compensated, etc. The petition prays that the defendant be enjoined from backing water by means of a dam or other obstructions upon plaintiff's lands or shoals, and for other relief.

In the defendant's answer the allegations of the petition as to the plaintiff's rights in the premises are denied, and it is alleged that the defendant has a prescriptive right to maintain his dam as it stands; that at the time plaintiff claims to have purchased the land, defendant was in actual possession of said lot number 160, and he and those under whom he claims had been in possession of it for more than twenty years; that about the year 1860 Mathew Armstrong, who then owned the property on the east side of the river, on which defendant's mill and dam are located, built said mill and erected a dam about half way across the river; that at that time one Gowdy owned the land on the west bank, now claimed by the plaintiff, and he refused to allow Armstrong to build his dam beyond the center of the river, but in three or four years Gowdy sold the land to Berry Mooney, who took possession of it, and Armstrong then made a contract with Mooney by which he was allowed to extend said dam entirely across the river and join it to the west bank on Mooney's land, and at the point where defendant's dam now is; that Armstrong paid Mooney for this privilege some forty years ago; and defendant and those under whom he claims, including Armstrong, have in good faith claimed the right to keep up the dam ever since, and have kept it up entirely across the river, and joined to the west bank at said point, and at about the height of the one defendant now has; and that the persons owning and controlling the land on the west side of the river at that point have never disputed the right of the defendant, and of those under whom he claims, to maintain said dam; that he recently rebuilt the dam in the same place and to about the same height as the old one; and that the new dam backs the water about the same distance up the river that the old dam did, and does not back water to plaintiff's dam. At the trial there was evidence in support of these allegations of fact.

The grounds of the motion for a new trial which relate to the

28

charge of the court are that the court erred : (*a*) In failing, while stating to the jury the contentions of the parties, and after stating that the defendant claimed a title to the property by prescription, to state that the defendant claimed an easement in plaintiff's land by having maintained a dam on its land by himself and those under whom he claims, for twenty years. (*b*) In refusing to charge the jury, on request of defendant, that the deed of W. M. Smith to plaintiff, to the one acre described in the petition, only conveyed the land to the water's edge, and did not convey the river bed. (*c*) After explaining to the jury what constitutes prescriptive title, in failing to charge the jury, in this connection, that an easement such as to maintain a dam on another's land could be prescribed, as requested by defendant. (*d*) In charging that permissive possession can never ripen into a prescription, until he first surrenders the possession and goes out of possession, and turns it over to the other party and claims it adversely. (*e*) In refusing a request to charge the jury that if defendant, or any of those under whom he claims, had kept and maintained a dam there attached to the west bank, and had kept it there continuously for as much as twenty years, then that would give them an easement in plaintiff's lands for that purpose, and the defendant would have a right to keep and maintain said dam. (*f*) In charging the jury that, in order for defendant to get a title to an easement such as to maintain a dam by prescription, he must have kept the dam at a certain place and "just so high and no higher" for over twenty years. (*g*) In charging the jury that, in making out a prescriptive title, an innocent purchaser can not tack to his own the possession of a grantor whose possession originated in fraud ; as it was not claimed that the possession of any one under whom the defendant claims originated in fraud. (*h*) In charging the jury : "If defendant claims a right to a dam, you must be satisfied from the evidence in the case that he claimed a dam at a certain place, of a certain height and with certain privileges, for full twenty years." (*i*) In failing to charge, as requested, that the defendant could set up any parol license, given to any one under whom he claims, and avail himself of it, if those under whom he claims had acted on said license, and had spent money or done any work or put in machinery there after said parol license had been granted and on account thereof.

*G. K. Looper*, for plaintiff in error.    *O. J. Lilly*, contra.

ADAMS, J.   The defendant in the court below, who is the plaintiff in error here, claimed a prescriptive right to maintain a mill-dam attached to the land claimed by the plaintiff.   The plaintiff obtained a verdict and judgment perpetually enjoining the defendant from maintaining his dam at that place, and this bill of exceptions is filed to the judgment of the court below overruling the defendant's motion for a new trial.

Several objections to the admission of evidence, made in the motion for a new trial, can not be considered by this court, because the rule of practice indicated in the first headnote has not been observed.   It is important that the motion for new trial itself should show in substance the document objected to, and that it should not refer the court to a brief of evidence for the purpose of ascertaining the contents or effect of the document.   It is particularly necessary that a motion should state what the objections to the admissibility of evidence were, and that these objections were presented to the trial judge.

We need not deal more specifically than we have done in the headnotes with what we conceive to be material errors in the charge of the court.   As said by this court in the case of *Baker* v. *McGuire*, 53 *Ga.* 247: "The rule seems equally well settled that the capacity of the dam from its height is the measure of the easement. . . . He [referring to the mill-owner] has a right to repair his dam and build a better, though not a higher one."   See also Washburn on Easements, top p. 152.   Under the charge of the court, in order to sustain the defendant's defense, it would have been necessary for the jury to find that the height of the dam had never at any time varied,—become even less than that claimed by the defendant. We do not think, after a careful reading of the record, that the general charge cured the defects pointed out in the headnotes and complained of in the motion for a new trial.

*Judgment reversed.   All the Justices concurring, except Lumpkin, P. J., absent.*