2789.  SMITH, by next friend, *v.* SOUTHERN RAILWAY COMPANY.

RUSSELL, J.  1. The court erred in sustaining the general demurrer. The decision is controlled by the ruling in *Bush* v. *West Yellow Pine Co.*, 2 *Ga. App.* 295 (58 S. E. 529). The agreement of the servant to assume the risks incident to his employment, which may ordinarily be implied as one of the stipulations of the contract of employment, may be abrogated by an express or implied contract to the contrary. If the servant states to his master that the performance of a duty in a certain way is likely to be dangerous and to render the place where he is working unsafe, and thereupon the master assures him that the act which he requires him to do is not attended with danger, and the servant, upon this assurance and the implicit command of the master, attempts to do the act which the master suggested could safely be done, and, in doing it, is injured, the master is liable, because the law implies a new agreement, superseding the agreement to assume the risk, whereby the master relieves the servant of his former assumption of the risk, and places the responsibility for the results of his command upon himself.

2. Whether the plaintiff, who was injured in carrying out an implied command of his master, in doing an act which appeared dangerous to him, but which the master assured him was safe, was guilty of contributory negligence, in that he might have avoided injury even after the danger created by the command of his master supervened, was a question of fact, to be answered by the jury.          *Judgment reversed.*

DECIDED FEBRUARY 15, 1911.

Action for damages; from city court of Atlanta—Judge Reid. May 7, 1910.

*Lawton Nalley,* for plaintiff.

*McDaniel, Alston & Black, E. A. Neely,* for defendant.