4359. MASSEE & FELTON LUMBER CO. *v.* IVEY.

RUSSELL, J. 1. The court did not err in overruling the demurrer to the plaintiff's petition.

2. Under the allegations of the petition, the servant's implied assumption of risk was abrogated by the assurance of the defendant's foreman that he was in a safe place to work, and the foreman's command.that he continue to work with the instrumentalities which had been furnished by the master. The decision must be controlled by the rulings of this court in *Bush* v. *West Yellow Pine Co.*, 2 *Ga. App.* 295 (58 S. E. 529), and *Smith* v. *Southern Railway Co.*, 8 *Ga. App.* 822 (70 S. E. 192), which this court declines to overrule, as well as the rulings in *Columbus Manufacturing Co.* v. *Gray*, 9 *Ga. App.* 739 (72 S. E. 273), and *Southern Bell Telephone and Telegraph Co.* v. *Shamos*, ante, 463 (77 S. E. 312).

3. "While ordinarily the law reads into contracts of employment an agreement on the servant's part to assume the known risks of the employment, so far as he has the capacity to realize and comprehend them, yet this implication may be abrogated by an express or implied contract to the contrary. If the servant complains to the master that the instrumentality appears to be dangerous, and thereupon the master commands him to proceed with the work and assures him there is no danger, the law implies a quasi new agreement whereby the master relieves the servant of his former assumption of risk, and places responsibility for resulting injuries upon the master." *Bush* v. *West Yellow Pine Co.*, 2 *Ga. App.* 295 (58 S. E. 529). See, also, *Brown* v. *Rome Foundry Co.*, 5 *Ga. App.* 150 (62 S. E. 720).

                                                    *Judgment affirmed*

DECIDED APRIL 16, 1913.

Action for damages; from city court of Macon—Judge Hodges. July 8, 1912.

*W. B. Birch, Hardeman, Jones, Park & Johnston*, for plaintiff in error.

*B. J. Fowler*, contra.