## 6218.   MITCHELL *v.* SCHOFIELD'S SONS COMPANY.

1. It is the duty of a master who furnishes machinery for the use of his servant to exercise ordinary care "to furnish machinery equal in kind to that in general use." Civil Code, § 3130. Whether a scaffold furnished by a master for the use of servants was equal in kind to those in general use is not shown by testimony that it was "about the same scaffold as that in general use by the three concerns" that the witness had worked for.

2. The court erred in admitting in evidence the model introduced as a model of the tank and scaffold on which the plaintiff's son was at work when injured; it appearing, from the testimony of the person who constructed the model, that in material particulars it was not a correct model.

3. The court in charging the jury committed error prejudicial to the plaintiff in not correctly stating her contentions.

4. In connection with the instruction to the jury to see whether or not the defendant or its agent knew of the defect in the scaffold if it was defective, the court should have instructed them to ascertain whether the master, in the exercise of ordinary care, ought to have known of the defect.

5. The instruction to the jury that if the plaintiff's son, "about the time he was going in and upon the scaffold," told the foreman that it was defective, and the foreman told him to go ahead and do the work, the master would be liable, was subject to the objection that the instruction tended to limit the consideration of the jury to a complaint of the servant and an assurance of the master at or about the time the servant was going upon the scaffold to do the work wherein he was injured, though it appeared, from the evidence, that this assurance was given when the scaffold was being built.

6. One may be liable for an injury which was the natural result of his negligence, though an injury of the particular kind produced, or an injury to the particular person injured, was not reasonably to have been expected by him, in the exercise of ordinary care and diligence; and it was error to charge the jury that the plaintiff would not be entitled to recover if, from a consideration of the evidence, it appeared that the homicide in question, "under the acts of negligence alleged in the writ, was not reasonably to be expected by the master or his agents, acting with ordinary care and diligence."

DECIDED AUGUST 6, 1915.

Action for damages; from city court of Macon—Judge Hodges. November 21, 1914.

*Mallary & Wimberly,* for plaintiff.

*Miller & Jones,* for defendant.

BROYLES, J. This was an action for damages by Mrs. M. E. Mitchell against Schofield's Sons Company for the homicide of her son. From the record it appears that the deceased was a boiler-maker employed by the defendant company in the erection of a large creosote tank in the yards of the Central of Georgia Railway Company in Savannah, Georgia, and while so engaged he was (in the course of his duties) standing, with several other workmen, upon the top of a scaffold inside the tank, fitting and riveting a steel plate to the top, or roof, of the tank; that while in this position the scaffolding collapsed, precipitating him and the other workmen with him to the floor of the tank, a distance of about thirty-five feet; and that he suffered injuries therefrom which resulted in his death the following day.

The plaintiff contended that the scaffolding was improperly constructed, and built of timber too small to support the weight of the workmen and the steel plates they were supporting. The plaintiff contended that the scaffold fell before the fall of the steel plate that the deceased and other men were riveting to the roof of the tank. The evidence on this point was conflicting. The defendant contended that the steel plate fell first, struck the scaffold, and caused it to fall. The jury found for the defendant. The plaintiff excepted and assigns error upon the admission and exclusion of certain evidence and upon various portions of the charge of the court.

1. The court erred in admitting the testimony of the witness T. F. Smith as to the method of construction of certain scaffolding used by three concerns for whom the witness had previously worked. This testimony was inadmissible for the reason that the witness, could, under the law, testify only as to the character of scaffolding in *general use* for a purpose similar to that of the scaffold in the collapse of which the plaintiff's son was injured. The Civil Code, § 3130, provides that the duty of the master is to furnish machinery "equal in kind to that in general use."

2. The 2d ground of the amendment to the motion for a new trial, complaining of the admission in evidence of a certain model of the tank and scaffold on which the plaintiff's son was at work

when injured, is, in our opinion, well taken. "Where an article is introduced as a standard of comparison, preliminary evidence showing that in essential respects it offered a trustworthy standard of comparison is sufficient to render it admissible." 4 Enc. Ev. 240 (4b). The negative pregnant follows that the article is inadmissible when, as in this case, it is clearly shown that there were material inaccuracies in the comparative sizes of the braces and other parts of the scaffolding as shown in the model.

3. In the motion for a new trial objection is taken to the following excerpts from the charge of the court: (4) "She (the plaintiff) further contends, that at the time he (the deceased, the plaintiff's son) was at work upon the scaffolding, that it was a part of his duty to do this work, and she contends that in the placing of a certain metal sheet in and upon the top of the tank in whose erection he was engaged, and while thus engaged with other workmen, through the negligence of a fellow-workman or workmen, the metal sheet was released and the weight placed upon him, and that notwithstanding the fact that he was in the exercise of ordinary care and diligence in his effort to control the weight of the metal sheet, that the same fell in and upon him and the scaffolding, and that by reason of the negligence of the fellow-servants in releasing the metal sheet, the same struck the scaffolding and the scaffold collapsed, precipitating her son to the ground, from which fall he received injuries and subsequently died." (5) "She further contends that not only is the master negligent in failing to furnish to him a reasonably safe place to work, as charged in the declaration, but that the master is liable to her by reason of the fact that the negligence of the master, as contended for by her, was concurrent with the negligence of a fellow-servant, or fellow-servants, working upon the work upon which he was engaged, and that she is entitled to have and receive at your hands a verdict against the master, on account of the fact that the place was not a reasonably safe place to do the work, for whatever injury and damage may have been brought about by the concurrent negligence of the fellow-servant or fellow-servants."

The main contention of the plaintiff was that the scaffold gave way or collapsed *before* the section of steel fell, and that the falling of the scaffold was primarily due to weak and insufficient bracing and defective construction. She did not contend that the negligence

of the master was concurrent with the negligence of a fellow serv-
ant. The trial judge in his charge having erroneously stated the
material contention of the plaintiff (and especially as it appears
from the approved amended grounds of the motion for a new trial
that counsel for the plaintiff stated, in reply to a question from the
court, that plaintiff had "always contended that the metal sheet
did not fall first but that the scaffold gave way first"), it must be
assumed that this error was harmful to the plaintiff. See, in this
connection, *Fruit Dispatch Co.* v. *Roughton-Halliburton Co.,* 9 *Ga.
App.* 108 (2*b*), 113 (70 S. E. 356); *Cooper* v. *State,* 2 *Ga. App.*
730 (59 S. E. 20); *Pye* v. *Pye,* 133 *Ga.* 246 (2), 249 (65 S. E.
424); 38 Cyc. 1626 (*b*), (*c*), 1632 (*d*); *Whelchel* v. *Gainesville
&c. Ry. Co.,* 116 *Ga.* 431 (3) (42 S. E. 776); *Vaughn* v. *Miller,*
76 *Ga.* 712 (1*a*).

4. In the 6th and 7th grounds of the amendment to the motion
for a new trial it is complained that in charging the jury to ascer-
tain whether or not the defendant or its agent knew of the defect
in the scaffold, if it was defective, the court failed, in connection
therewith, to instruct them to ascertain whether the master, in the
exercise of ordinary care, ought to have known of the defects. We
think that this exception was well taken. *Ocean Steamship Co.* v.
*Matthews,* 86 *Ga.* 423 (12 S. E. 632); Civil Code, § 3130.

5. The court erred in the following charge complained of in
the motion for a new trial: "If you believe  .  .  that about the
time he was going in and upon the scaffold he told the vice-principal
or foreman that the scaffold was defective, and the foreman told
him to go ahead and do the work, the master would be liable."
This charge was erroneous for the reason that it limited the con-
sideration of the jury to a complaint of the servant and an assur-
ance of the master at or about the time the servant was going upon
the scaffold to do the work wherein he was injured. It appears from
the record that Mitchell (the plaintiff's son) and another workman
told the defendant's foreman, at the time of the erection of the
scaffold, that it was not being built sufficiently strong to carry the
weight, and that he assured them, stating his greater experience,
that it was perfectly safe, and directed them both to go on with the
work. See, in this connection, *Bush* v. *West Yellow Pine Co.,* 2
*Ga. App.* 295 (2), 297 (58 S. E. 529); *Smith* v. *Southern Railway*

*Co.,* 8 *Ga. App.* 822 (70 S. E. 192); *Massee & Felton Lumber Co.* v. *Ivey,* 12 *Ga. App.* 583 (77 S. E. 1130).

6. Error is assigned upon the following excerpt from the charge of the court: "If, from a consideration of the evidence adduced upon the trial of the case, it appears that the homicide as set out in her writ, under the acts of negligence alleged in the writ, was not reasonably to be expected by the master or his agents, acting with ordinary care and diligence, I charge you that she would not be entitled to have and receive a verdict, it matters not how the homicide was brought about." This in our opinion was a prejudicially erroneous statement of the doctrine of proximate cause, as applied to the facts in this case. "In order that a party may be liable in negligence, it is not necessary that he should have contemplated or even be able to anticipate the particular consequences which ensued, or the precise injuries sustained by the plaintiff. It is sufficient if, by exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected." 21 Am. & Eng. Enc. Law (2d ed.), 487 (*b*); 29 Cyc. 495 (2); Cooley on Torts, 33, 35; Wharton on Negligence, §§ 77, 78; Thompson on Negligence, § 59; Colorado Mortgage Co. v. Giacomini, 55 Colo. 540 (136 Pac. 1039, L. R. A. 1915B, 364); Drum v. Miller, 135 N. C. 204 (102 Am. St. R. 528, 65 L. R. A. 890, 47 S. E. 421).

For the reasons above stated, the court erred in overruling the motion for a new trial, and the judgment is          *Reversed.*