## 24467. PATTERSON v. BAUGH et al.

DECIDED SEPTEMBER 23, 1935.

*C. D. Rivers,* for plaintiff in error.

*Julius Rink, Lewis R. Mitchell,* contra.

STEPHENS, J. In March, 1934, S. M. Baugh and Mrs. L. L. Baugh instituted a warrant to dispossess A. S. Patterson. In the affidavit which was the basis for the issuance of the warrant it was alleged that the defendant was in possession "of a house and premises, . . said house being located and is a tenant-house on lands belonging to S. M. Baugh and L. L. Baugh;" that the land was formerly the property of A. S. Robbins, and was by him, on November 15, 1932, conveyed to the plaintiffs; that the defendant was in possession as a share-cropper for Robbins during 1932, with the right to remain in possession until the end of 1932; that the possession of the land was delivered by Robbins to the plaintiffs as of January 1, 1933; that after that date the defendant continued in possession, without any right, under the plaintiffs, and had refused to vacate on January 1, 1933; that the plaintiffs had notified the defendant of the purchase of the land by them when it was purchased; that the plaintiffs demanded possession on January 1, 1933; and that after agreeing to vacate, the defendant refused to do so. The defendant filed a counter-affidavit in which he al-

leged that his term had not expired, that he was not holding beyond the term for which he had rented, that the rent claimed was not due, that he did not hold the premises from the plaintiffs or from any one under whom the plaintiffs claimed, but that he held as tenant of Robbins. At the trial a verdict for the plaintiffs was returned. The defendant's motion for new trial was overruled, and he excepted.

It appears from the evidence that on November 15, 1932, Robbins by quitclaim deed conveyed to the plaintiffs certain land described; that prior to the date of the deed the defendant held under Robbins, possession of the house in which he lived, and after the date of the deed and after January 1, 1933, he continued to pay rent to Robbins; that Robbins owns adjoining land other than that embraced in the deed which he made to the plaintiffs; that the present line between Robbins and the plaintiffs is in dispute; that the deed made by Robbins to the plaintiffs makes no mention of the house in which the defendant resides, and it is uncertain whether the house is on the land described in the deed from Robbins to the plaintiffs. The question for determination is whether the house in which the defendant resides is located on the land described in the deed from Robbins to the plaintiffs. If the house is not on this land, the defendant has never been a tenant of the plaintiffs, and of course they have no right to dispossess the defendant under these proceedings.

A witness for the plaintiffs testified, over objection, as follows: "Mr. Robbins told me that he thought when this deed was made, when he was selling Mr. and Mrs. Baugh this property, that he thought the house was on the property he sold until after he ran the line. Then he did not think the deed called for it. He said that he told them it was on the property." It was error to admit this testimony over the objection that Robbins was not a party to the case, and that nothing was stated that could in any way affect the right of the defendant. It does not appear that this statement by Robbins was made in the presence of the defendant. Robbins not being a party to the case, what he stated was of course not binding on the defendant as an admission. The evidence was purely hearsay. What Robbins may have "thought" he was conveying when he made the deed is wholly immaterial. The question is whether or not in fact the house was on the land conveyed. As the

evidence is not clear whether the house was on the land conveyed, the admission of the statement of Robbins that when he made the deed he "thought" the house was on the land was necessarily highly prejudicial to the defendant, and was error requiring the grant of a new trial. If in fact the house was not upon the land, a case in equity between Robbins and the plaintiffs, for reformation of the deed, might exist. No such issue is presented in this case.

It was not error to admit the deed in evidence, over the objection that it contains no reference to any house or improvements on the land conveyed, and does not appear to convey the premises on which the house is located. While, from the description in the deed alone, it may not specifically appear that the house was on the land mentioned in the deed, the deed containing the description of the land was relevant as evidence which could be considered with other testimony, and as tending to show that the house occupied by the defendant was on the land described in the deed.

The court charged the jury, that, "under the evidence in this case, Robbins is estopped from denying that the house in question was conveyed to the plaintiffs in this case." Baugh testified that Robbins "sold me the house and pointed it out to me." Also: "I suppose that Mr. Robbins claims that house. I guess he does. I guess I have seen him claim the boundaries and the house. I was present when you fellows measured up the land, last summer. You ran a line on the north side of that house; and if that line is correct, the house would belong to Mr. Robbins. But the southern line run this side of the house." The charge excepted to was error on the ground insisted upon by the defendant, that, as Robbins was not a party to the case, the charge was calculated to instruct the jury that Robbins' testimony should be disregarded. Robbins testified that he claimed the house was on his side of the line. An estoppel against Robbins, if any, to deny that the house was conveyed in his deed to the plaintiffs does not apply between him and the defendant. The defendant is not concerned with any estoppel that might exist against Robbins in favor of the plaintiffs. This charge was harmful as calculated to mislead and confuse the jury.

The defendant complains of the following charges: (a) "They [the Baughs] had the right to formally proceed against him [Patterson] as a tenant holding over, provided if you find that he did not in good faith believe that Robbins owned the property. If he

did in good faith believe that Robbins still owned the property, then he could not be ejected under this proceeding." (b) "As heretofore stated, the defendant is a tenant of the plaintiffs in this case, but there would also enter into it the question of good faith on his part. So far as Robbins and Mr. Baugh are concerned, that is not an issue; but, as stated, Robbins is estopped from denying the property was conveyed under the deed. Then the question arises for you to determine, as to whether his tenant or the tenant in possession of the property was acting in good faith in retaining possession." (c) "If you find that this tenant was acting in good faith in retaining possession, then I charge you the plaintiffs would not be entitled to eject him on this proceeding. On the other hand, if you find that he was not acting in good faith, if you find that he was notified of the same, and was acting in conjunction with Robbins, or some one else, to prevent the plaintiffs in this case from getting possession of the property, then he would not be acting in good faith; and you would have to find in favor of the plaintiffs." Each of these charges was error. The defendant in his counter-affidavit had denied tenancy under the plaintiffs. His original entry was made under Robbins, and the possession which followed the entry would as a matter of law remain unchanged until Robbins actually aliened the land whereon the house stood. The affidavit and counter-affidavit made purely issues of law. The plaintiffs invoked no power of a court of equity. If Robbins deceived the plaintiffs into believing that the deed conveyed the house, whereas the house is not on the land described in the deed, and if the defendant conspired with Robbins to promote the latter's scheme, there might be a case for equitable relief in favor of the plaintiffs. No such issue is presented by the pleadings. The charges above quoted were not germane to the pleadings and were calculated to confuse and mislead the jury. The court erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*