### EHRLICH *v.* MILLS *et al.*

BELL, Justice. The plaintiff sued for injunction to restrain the defendants from trespassing upon a described tract of land claimed by the plaintiff. The answer of the defendants and the evidence introduced by both sides on the trial showed that the plaintiff and one of the defendants, hereinafter referred to as the defendant, owned adjoining tracts of land, and

that the real matter in dispute was the true location of the boundary line. The jury returned a verdict in favor of the defendant; the plaintiff's motion for a new trial as amended was overruled, and he excepted. *Held:*

1. The court did not err in excluding the testimony of the plaintiff to the effect that at the time he purchased "the 172-acre tract," as evidenced by his deed, the grantor stated that he was conveying the entire tract of land, known as the E. J. Faircloth place, and that it contained 172 acres; the evidence having been objected to on the grounds that it was hearsay, and that the deed was the highest evidence. The evidence was not admissible under the Code, § 38-308, relating to declarations in disparagement of title or to prove adverse possession, but was inadmissible and subject to objection upon each of the grounds urged. See, in this connection, Code, §§ 38-203, 38-301; *Blalock* v. *Miland,* 87 *Ga.* 573 (5) (13 S. E. 551); *Whelchel* v. *Gainesville &c. Railway Co.,* 116 *Ga.* 431 (2) (42 S. E. 776); *Patterson* v. *Baugh,* 51 *Ga. App.* 767 (1) (181 S. E. 686). Nothing to the contrary was ruled in *Wood* v. *Crawford,* 75 *Ga.* 733 (5), cited for the plaintiff in error.

2. The complaint that the judge refused to give a stated charge as requested in writing does not show error, since it does not appear that the request was presented before the jury retired "to consider of their verdict." Code, § 81-1101; *Brooks* v. *State,* 96 *Ga.* 353 (4) (23 S. E. 413); *Dickey* v. *Grice,* 110 *Ga.* 315 (3) (35 S. E. 291); *Nickerson* v. *Porter,* 189 *Ga.* 671 (2) (7 S. E. 2d, 231).

3. In one ground of the motion for a new trial it was contended that the deed under which the plaintiff claimed, in referring to a certain map, contained a particular description of the land which was repugnant to the general description stated in such deed, and that the jury were therefore entitled to be instructed "as to the legal effect of the repugnant description upon the deed and the general description of the land therein." There was no merit in this ground, since it did not set forth any definite principle of law which it is contended the court should have given in charge to the jury. *Pitts* v. *State,* 197 *Ga.* 317 (2) (28 S. E. 2d, 864); *Elliott* v. *Robinson,* 198 *Ga.* 811 (5) (33 S. E. 2d, 95).

4. When improper argument to the jury is made by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel should make objection to such argument or invoke some ruling or instruction with reference thereto by the court. Code, § 81-1009; *Brooks* v. *State,* 183 *Ga.* 466 (188 S. E. 711, 108 A. L. R. 752); *Mims* v. *State,* 188 *Ga.* 702 (2) (4 S. E. 2d, 831). It appears that the judge did instruct the jury to disregard the alleged improper argument which it is claimed appealed to racial prejudice, and it is not shown that any further or other action on the part of the judge was requested or invoked. *Thornton* v. *State,* 190 *Ga.* 783, 784 (2) (10 S. E. 2d, 746).

(*a*) Under the preceding rulings, none of the special grounds of the motion for a new trial shows cause for reversal.

5. The statements in reference to a cemetery, as contained in some of the deeds under which the plaintiff claimed, were not conclusive on the defendant with respect to boundary, since she (the defendant) did not claim title under any of such deeds. *Gilmer* v. *Harrison,* 146 *Ga.* 721

(4) (92 S. E. 67); *Sammons* v. *Nabers,* 184 *Ga.* 269 (1) (191 S. E. 124). Nor was she concluded in that respect by a similar statement in a surveyor's map, which, so far as appears, some other person procured to be made as a description of the plaintiff's land, but which was introduced by her on the trial. *Christian* v. *Macon Ry. & Light Co.,* 120 *Ga.* 314 (2) (47 S. E. 923); *Southern Railway Co.* v. *Newman,* 187 *Ga.* 132, 134 (199 S. E. 753). The evidence as to the true location of the boundary line was conflicting, and was not of such character as to demand a finding in favor of the plaintiff. The court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 16167. MAY 13, 1948.

*Price & Spivey,* for plaintiff.