38104. RAY *v.* THE STATE.

DECIDED JANUARY 21, 1960.

*W. P. Wilbanks, Jr.,* for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

TOWNSEND, Judge. ■ From the testimony most favorable to the State it appears that the defendant had been to a dance; that after the dance ended he drove from the intersection of State Highway Spur 20 and U. S. Highway 78 into a gasoline station; that instead of turning straight into the station he cir-

cled the gas pumps and returned; that he was driving a little too fast, "scratching" a little; flinging a little gravel; that he did not take the car out of gear and it proceeded forward until it hit a hydraulic jack; that he ordered a Seven Up and drank it after turning up a pint whisky bottle to his lips; that he got in an argument with the manager of the service station and left without paying for the soft drink; that he then proceeded about 500 yards to a restaurant, drank coffee and had an argument with another person there, and then left. A conclusion that the defendant was intoxicated at the time he drove into the service station depends upon the testimony of two State witnesses, young boys both reluctant to testify and both of whom admitted the defendant had threatened to make trouble for them if they spoke against him. Their testimony was somewhat contradictory, but both finally stated they were familiar with the defendant's manner when drunk and when sober and that in their opinion he was somewhat under the influence of intoxicants at the time in question. Both saw the defendant raise the whisky bottle to his lips and then drink from the bottle of soft drink. One testified that he would not ride with the defendant in that condition; the other said he would. One testified that he smelled whisky in the automobile, and the defendant's only companion in the automobile testified that he had not been drinking. The testimony was accordingly sufficient to authorize the inference that the defendant was drinking intoxicating liquor, and it was also sufficient to authorize the finding, from the defendant's behavior as well as his manner of driving, that he was under the influence of the intoxicants at the time he was driving. The general grounds of the motion for new trial are without merit.

■ The court charged the jury that in order to convict they must find that "he did drive such vehicle while under the influence of intoxicating liquors to such an extent that it would affect adversely the safety of his driving of such vehicle." The special ground of the motion for new trial does not complain of this excerpt from the charge, but assigns error because the court failed to instruct the jury "the true concept of the law" on the "less-safe rule." The ground fails to set out in substance any definite principle of law which it is contended the court should have

given in charge to the jury, and is therefore entirely without merit. *Pitts* v. *State,* 197 *Ga.* 317 (2) (28 S. E. 2d 864); *Ehrlich* v. *Mills,* 203 *Ga.* 600 (3) (48 S. E. 2d 107).

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*