### 42057. ODOM v. BEARD.

BELL, Presiding Judge. "Residence" and "domicile" are not synonymous and convertible terms. *Worsham v. Ligon,* 144 Ga. 707, 711 (87 SE 1025); *Avery v. Bower,* 170 Ga. 202, 204 (152 SE 239); *Commercial Bank v. Pharr,* 75 Ga. App. 364, 376 (43 SE2d 439). This being so, it seems inconsistent to hold, as held in *Daniel v. Sullivan,* 46 Ga. 277 (1872), that one's legal residence for the purpose of being sued in this state is necessarily the same county as his domicile where domicile is determined by that part of *Code* § 79-401 which provides, "The domicile of every person of full age, and laboring under no disability, is the place where the family of

such person shall permanently reside, if in this state." However, we are compelled to follow the *Daniel* case here, as there is no substantial basis in fact to distinguish that case from this one. Where the defendant in this case actually resided part of the time in Chatham County and part of the time in Toombs County and his family permanently resided in Toombs County at the time this action for personal injuries was brought against him in Chatham County, his legal residence for the purpose of this case was in Toombs County. The trial court erred in finding against the defendant's plea to the jurisdiction of the Chatham Superior Court.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*

ARGUED JUNE 9, 1966—DECIDED SEPTEMBER 15, 1966— REHEARING DENIED SEPTEMBER 29, 1966— ▉▉▉▉▉▉

*Corish, Smith & Remler, Julian F. Corish*, for appellant.
*Donald E. Austin*, for appellee.