### 24986. GREEN v. WRIGHT et al.

MOBLEY, Justice. The question presented is one of title to two lots consisting of nine acres of land located in Dougherty County, Georgia. The appeal is from a judgment denying a motion for summary judgment made by the defendant, Lucious Green. Enumerated as error is the denial of the appellant's motion for summary judgment, alleging that the judgment was contrary to the evidence and to law. *Held:*

1. The appellant claims title by deed and also by adverse possession for seven years under color of title. He failed to show title by deed. The affidavit of an attorney that he checked the property records in the office of the Clerk of the Superior Court of Dougherty County, and that the chain of title as shown by these records included described deeds, fails to meet the requirements of Ga. L. 1966, pp. 609, 660 (*Code Ann.* § 81A-156 (e)) that affidavits submitted in support of motions for summary judgment ". . . shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." His affidavit does not set forth such facts as would be admissible in evidence, as the deeds are the highest and best evidence. *Code* § 38-203 requires that: "The best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." See *Pierce v. Dennett,* 163 Ga. 471 (1) (136 SE 440), where this court held that statements as to restrictions contained in a deed, appearing in affidavits submitted in support of an injunction, were inadmissible, as the deed was the highest and best evidence of what is contained in the deed. See also *Primrose v. Browning,* 56 Ga. 369 (1); *Bourquin v. Bourquin,* 151 Ga. 575, 578 (1) (107 SE 767); *Ehrlich v. Mills,* 203 Ga. 600 (1) (48 SE2d 107). The affidavit of

the attorney further fails to meet the requirement that sworn or certified copies of all papers or parts thereof referred to in an affidavit must be attached thereto or served therewith. Neither does the appellant's affidavit submitted in support of the motion for summary judgment, stating that the facts contained therein and in his affidavit are true, show title to this property in him.

2. The appellant's contention that he has proved title by adverse possession for seven years under color of title is without merit.   He did not introduce in evidence or submit with his affidavit the deed under which he is claiming to have held possession for seven years, thus failing to prove color of title in himself.   Furthermore, the evidence as to whether he has been in adverse possession of the land for seven years is in conflict, which conflict must be resolved by a jury.

3. The court properly denied the motion for summary judgment.

*Judgment affirmed.   All the Justices concur.*

SUBMITTED DECEMBER 10, 1968—DECIDED JANUARY 9, 1969.

*Adams & Greenholtz, H. T. Greenholtz, Jr.,* for appellant.
*C. B. King,* for appellees.

