26140.   WINKLES et al. v. BROWN.

SUBMITTED OCTOBER 13, 1970—DECIDED DECEMBER 3, 1970.

*H. J. Thomas, James E. Weldon,* for appellants.

*John Wyatt, Millard C. Farmer,* for appellee.

FELTON, Justice. 1. Mr. Millard C. Farmer, Jr., deposed by affidavit: that he was employed by Mr. Leroy Erwin Brown to represent him in a claim against Randy Crews and Robert Winkles; that the case was filed in the Superior Court of Troup County; that no answer was filed by either defendant; that "a letter was written" to the Clerk of the Superior Court of Troup County on April 2, 1969, requesting that the said case be placed on the calendar for jury trial for the May term of the superior court; that a copy of said letter was deposited in the United States Post Office with adequate postage and addressed to Robert Winkles and Randy Crews; that the case was tried on May 6, 1969, at which time neither defendant appeared; and that no answer was filed to the suit. The foregoing matter shown in the affidavit of Mr. Farmer, was not sufficient to show that the two defendants in the tort case received notice that Mr. Farmer would request that the case be placed on the jury calendar for the May, 1969, term of Troup Superior Court, since what the contents of the alleged letter to the clerk of the court were, does not appear. "The best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." *Code* § 38-203. "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Code Ann.* § 81A-156(e) (Ga. L. 1966, pp. 609, 660; as amended, Ga. L. 1967, pp. 226, 238). Hence, this affidavit does not set forth such facts as would be admissible in evidence, as the letter is the highest and best evidence. See *Green v. Wright,* 225 Ga. 25 (1) (165 SE2d 843). Nor does it appear that the *one* letter addressed to *both* Robert Winkles and Randy Crews was received by either. Moreover, the affidavit does not show that Mr. Farmer wrote the letter to the clerk or that he mailed it or that any particular person mailed it. The defendants denied by either deposition or affidavit that any of them received the notice described in Mr. Farmer's affidavit. Every inference will be indulged the defendants and all doubts resolved against the plaintiff movant as against the motion for a summary judgment as to the receipt of such notice. *Code Ann.* § 81A-156 (c); Sprague v. Vogt (CCA 8),

150 F2d 795; mf'd, 164 F2d 312; Parmelee v. Chicago Eye Shield Co. (CCA 8), 157 F2d 582 (168 ALR 1130); Gonzales v. Tuttman (DC-NY), 59 FSupp. 858; Standard Rolling Mills v. National Mineral Co. (DC NY), 2 FRD 236; Wittlin v. Giacalone (81 App. D.C. 20) 154 F2d 20.

2. The plaintiff does not show, on his motion for summary judgment, that there is no genuine issue of material fact to be decided by a jury on the question whether Virginia Winkles and Yvonne Brown paid value for the property deeded them, as they swore they did. Credibility in this case, including that of the defendants, is crucial, and summary judgment becomes improper and a trial indispensable. Arnstein v. Porter (CCA 2), 154 F2d 464, 68 U.S.P.Q. (United States Patent Quarterly) 288, mod'g 66 U.S.P.Q. 281. The same is true as to whether Virginia Winkles and Yvonne Brown knew that the tort action was pending or that it had gone to judgment. The fact that Robert Winkles stated on deposition that his wife and Yvonne Brown knew of the pendency of the tort action, does not, in view of their denials, authorize the grant of the summary judgment, since all doubts and inferences must be resolved against the movant. See citations to this effect in Division 1, hereinabove.

The trial court erred in granting the summary judgment in favor of the plaintiff.

*Judgment reversed. All the Justices concur.*