### 49094. PUGH v. JONES et al.

Clark, Judge.

When a lawyer[1] has the problem of preparing affidavits to be used in support of or for contesting motions, how should he proceed in determining what

---

[1] Judges remember that first, last, and always, they are lawyers.

should be contained in such document? What are the requisites to be satisfied in order for the factual assertions placed therein to be admissible for consideration by the judge in ruling upon the motions? These are the principal questions presented in this appeal by a plaintiff from a judgment sustaining two motions made by defendant: (1) motion to strike plaintiff's affidavits; and (2) motion to dismiss plaintiff's complaint for lack of jurisdiction of the person and for improper venue.

Plaintiff, a licensed real estate broker, sued jointly two landowners, T. Ruben Jones and B. M. Jones, making claim in two counts for commissions allegedly due for breach of contract. Count 1 sought $810,000 damages while the second count pleaded the ad damnum to be $900,000. The suit was filed in Fulton County Superior Court. With respect to jurisdiction and venue, the complaint alleged defendant T. Ruben Jones to be a resident of Fulton County and that the co-defendant, B. M. Jones, was a resident of Paulding County.

Defendants jointly filed defensive pleadings. One of these was a motion pursuant to Code Ann. § 81A-112 (b) for dismissal of plaintiff's complaint and entry of judgment in favor of defendants "on the ground that jurisdiction and venue is improper in Fulton County." (R. 11). Additionally, in their answer defendants expressly denied the allegation as to the residence of T. Ruben Jones being in Fulton County and asserted as their third defense that "Jurisdiction and venue are improper in Fulton County because both of the defendants B. M. Jones and T. Ruben Jones are residents of Paulding County, Georgia. The defendant T. Ruben Jones resides at Route 4, Dallas, Paulding County, Georgia, and is not subject to suit in Fulton County." (R. 16).

In support of the dismissal motion defendant T. Ruben Jones filed his affidavit wherein he swore that he was a "resident of and domiciled in Paulding County" on that date and during his life and "was not a resident of or domiciled in Fulton County" at any time relevant to this litigation. The affiant also recites "that he resides at Route 4, Dallas, Paulding County, Georgia and that he has his home and permanent legal residence at that

location," which is now and had been for at least five years his permanent mailing address. The affidavit also states he receives his mail at this address, which is also the address "shown as his permanent legal residence and domicile" on all federal and state income tax returns. Additionally, the affiant swears he is and always has been registered to vote, and did vote, in Paulding County including the 1972 elections, and that he purchased his automobile license tags in that county. The affidavit concludes that it was and has been his continuous intention "that his only permanent legal residence and domicile be and is in Paulding County, Georgia. That he has never had a tacit or explicit intention to change his domicile or legal residence to Fulton County, Georgia." (R. 18, 19).

In opposition plaintiff submitted two affidavits, one being from herself and the other by her attorney. Plaintiff averred that she has known T. Ruben Jones since 1959, that he has been since 1959 and is now a resident of Fulton County. She details purchases of specific residences in Fulton County negotiated by her wherein he had resided during that period and further stated that defendant presently resides in Fulton County. The affidavit of plaintiff's lawyer set forth that as an attorney with considerable experience in real estate transactions he was familiar with and understood land records. He avers that at plaintiff's instance he made an examination of the Fulton County records involving defendant T. Ruben Jones. This personal examination disclosed T. Ruben Jones filed and claimed homestead exemptions for Fulton County properties from 1966 through 1973. No certified copy of any record is attached nor made a part of this affidavit.

These affidavits were the subject of defendants' motion to strike on the grounds that they were "conclusory and without basis," and did not meet the requirements necessary by law to be admissible as evidence.

After a hearing the trial court ordered ". . . that the defendants' motion to strike affidavits is granted, that the defendants' motion to dismiss based upon lack of jurisdiction and improper venue is granted and the

plaintiff's complaint is dismissed." (R. 45). This appeal followed.

1. We first consider whether the trial court erred in dismissing the two affidavits submitted by plaintiff. As to the plaintiff's affidavit there is a fatal flaw in the absence of any denial dealing with defendant's domicile. Whereas defendant's affidavit avers that he is both a resident of and domiciled in Paulding County, the affidavit of plaintiff limits its assertion to the claim that the defendant T. Ruben Jones has his residence in Fulton County.

" 'Residence' and 'domicile' are not synonymous and convertible terms. [Cits.]. . . one's legal residence for the purpose of being sued in this state is necessarily the same county as his domicile where domicile is determined by that part of Code § 79-401 which provides, 'The domicile of every person of full age, and laboring under no disability, is the place where the family of such person shall permanently reside, if in this state.' " *Odom v. Beard,* 114 Ga. App. 364 (151 SE2d 468). The affidavit of plaintiff, therefore, is insufficient to rebut the defendant's affidavit in that it does not dispute his domicile recitals.

2. A study of the affidavit of the plaintiff's attorney shows that it does not meet the mandate of Code § 38-203 which provides that "The best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." This affidavit recites the attorney's findings and conclusions with reference to public records, these being tax returns which allegedly defendant made to the Tax Commissioner of Fulton County for various years in which homestead exemptions were claimed. A similar situation was dealt with by the Supreme Court in *Green v. Wright,* 225 Ga. 25 (165 SE2d 843). There the court passed upon the sufficiency of an affidavit of an attorney who had checked public property records and concluded that the chain of title was shown by certain described deeds. The court said: "His affidavit does not set forth such facts as would be admissible in evidence, as the deeds are the highest and best evidence." This was followed in *Winkles v. Brown,* 227 Ga. 33 (178 SE2d 865).

In those two Supreme Court cases, as in the instant case, the evidence referred to were written documents. As Emory Prof. William H. Agnor has pointed out in 11 Encyc. Ga. L., § 60, p. 313, the so-called "best evidence rule" is restricted to writings and more appropriately should be referred to as the "original document rule." See also Green, Ga. Law of Evidence, § 102, page 245, wherein it is stated that "Certified copies of public records being primary evidence, oral evidence of the contents of the records and sworn copies are not admissible unless a certified copy is unavailable because of the loss or destruction of the records or other sufficient reason." Therefore, because of the failure to comply with the "original document rule," the trial court correctly held this affidavit was to be stricken.

3. Inasmuch as the plaintiff's opposing affidavits had been ruled legally inadequate the trial court then had before it for determination the affidavit of defendant T. Ruben Jones in support of the motion for entry of judgment based upon lack of jurisdiction and improper venue. Appellant contends that the recitals in this affidavit with respect to defendant's intent was of a self-serving nature. In *Hicks v. Simpson,* 229 Ga. 214, 218 (190 SE2d 73) the Supreme Court said that "Testimony as to intent is testimony as to fact and has probative value. [Cit.]" A reading of this affidavit in its entirety confirms there is sufficient probative evidence therein to warrant the trial court to have terminated the Fulton County suit upon the limited jurisdictional and venue grounds.

4. Appellant argues that the question of residence and domicile are factual questions which must be submitted to a jury and not to be decided as a matter of law. In support of this proposition they cite *Williams v. Williams,* 226 Ga. 734 (177 SE2d 481) and *Campbell v. Campbell,* 231 Ga. 214, 215 (200 SE2d 899). Both of these cases hold that "the question of domicile is a mixed question of law and fact, and is ordinarily one for a jury and should not be determined by the court as a matter of law except in plain and palpable cases." The instant case, however, is one which meets the "plain and palpable" requirement. While it is true that another case relied on by appellant, *Bellamy v. Bellamy,* 187 Ga. 804

(2 SE2d 413) contained language stating that residence "could legally be determined only by the jury on the evidence," such ruling necessarily is limited to cases other than those where, as here, the evidence establishes a plain and palpable case that should be determined by the court as a matter of law. Thus, in *Commercial Bank v. Pharr,* 75 Ga. App. 364, 377 (43 SE2d 439) this court held that "Although the rule is well settled in this state that domicile or residence is one of fact for the jury in cases where the evidence is in conflict [cit.], on the other hand, where the evidence is not in conflict, we are of the opinion that this is a question of law for this court." See also *Patterson v. Patterson,* 208 Ga. 7, 13 (64 SE2d 441) where the Supreme Court held ". . . [I]f the evidence demands a finding that there has not been a change of domicile, the court may by proper instructions withdraw the question from the jury."

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED FEBRUARY 5, 1974 — DECIDED APRIL 17, 1974.

*Howard, Wiggins & Smith, James C. Howard, Jr., Swertfeger, Scott, Pike & Simmons, M. H. Blackshear, Jr., Richard P. Decker,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, Robert M. Travis,* for appellees.