.9257. INTERNATIONAL COTTON MILLS v. WEBB.

JENKINS, J. 1. The term "vice-principal," as used in the fellow-servant law, includes any servant who represents the master in the discharge of those personal or absolute duties which every master owes to his servants; such duties being often referred to as the non-assignable duties of the master, among which are, providing suitable machinery and appliances, a safe place to work, the proper inspection and repair of premises and appliances, the selection and retention of suitable servants, the establishment of proper rules and regulations, and the instruction of servants as to the kind and manner of work to be done by them. *Augusta Factory* v. *Barnes,* 72 *Ga.* 217 (53 Am. R. 838); *Taylor* v. *Georgia Marble Co.,* 99 *Ga.* 513 (27 S. E. 768, 59 Am. St. R. 238); *City Council of Augusta* v. *Owens,* 111 *Ga.* 464 (36 S. E. 830); *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609 (56 S. E. 839, 10 L. R. A. (N. S.), 772).

2. Among the absolute, continuous, and non-assignable duties of the master to the servant is the duty of the former to furnish the latter a safe place to work, and to refrain from giving orders which will require the servant to put himself in a position where he will be subject to risk of injury from a dangerous instrumentality. *Moore* v. *Dublin Cotton Mills*, supra; *Columbus Mfg. Co.* v. *Gray*, 9 *Ga. App.* 738 (72 S. E. 273); *Cherokee Brick Co.* v. *Hampton*, 16 *Ga. App.* 53 (84 S. E. 328). But even the direct and immediate order of the master will not justify a servant in rashly exposing himself to a known and obvious danger; and if, in compliance with the command in such cases, the servant be injured, he can not recover of the master therefor. *Southern Cotton-Oil Co.* v. *Gladman*, 1 *Ga. App.* 259 (6), 264 (58 S. E. 249). If, however, a servant, although an adult and fully cognizant of his general duty in reference to the machine, and aware of the dangers ordinarily incident to its operation, obeys a direct order of a servant authorized by his master to give the direction, in reference to the mode and manner of operating the machine, and injury results, the master is liable, provided the act required to be done is not so obviously dangerous that no reasonably prudent man would undertake to perform it. *Moore* v. *Dublin Cotton Mills*, supra.

3. While ordinarily the law reads into contracts of employment an agreement on the servant's part to assume the known risks of the employment, so far as he has the capacity to realize and comprehend them, yet this implication may be abrogated by an express or implied contract to the contrary. Thus, if the servant complains to the master that the instrumentality appears to be dangerous, and thereupon the master commands him to proceed with the work and assures him there is no danger, then, unless the danger be so obvious and manifest that no prudent man would expose himself thereto, the law implies a quasi new agreement whereby the master relieves the servant from his former assumption of risk, and places responsibility for resulting injuries upon the master. *Bush* v. *West Yellow Pine Co.*, 2 *Ga. App.* 295 (58 S. E. 529); *Massey & Felton Lumber Co.* v. *Ivey*, 12 *Ga. App.* 583 (77 S. E. 1130); *Cherokee Brick Co.* v. *Hampton*, supra.

4. Under the allegations as made by the petition in this case, the one who furnished the alleged defective and unsafe instrumentality to the employee, and who assured him that it might be safely used, occupied the position of vice-principal to the master. Questions as to diligence and negligence, including contributory negligence, being questions peculiarly for the jury, the court will decline to solve them by decision on demurrer, except in plain and indisputable cases.

5. The petition in this case, as amended, set forth a cause of action, and the court did not err in overruling the general and special demurrers.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED MAY 15, 1918.

Action for damages; from city court of LaGrange—Judge Harwell. September 28, 1917.

The original petition alleged: The defendant has damaged peti-

tioner in the sum of $2,000, by reason of the following facts: (Paragraph 2) On January 9, 1917, petitioner was employed by the defendant in the cotton mills operated by it at Hogansville, Georgia, and had been placed at work therein raising certain beams. He was directed by one Cole, vice-principal of the defendant, to raise a beam much shorter than any that had been raised before. Under directions of the said Cole he attached to it the chains directed to be used by the said Cole, and raised it, and began lowering it "into [?] when the said [?] began to loose from one end of the said beam, and the beam fell upon plaintiff's foot, causing the injuries hereinafter stated." (Par. 3) Plaintiff had never raised so short a beam before, and asked the said Cole if the chains formerly used on long beams could safely be used in raising the shorter beam; whereupon the said Cole advised him that this would be all right, to go ahead, as he wanted plaintiff to get started as quickly as he could. Acting on the directions and assurance of the said Cole, plaintiff attempted to handle the said beams with the chains provided by the defendant and directed to be used by the said Cole, and as a result the beam fell and plaintiff was injured. But for the assurance of the said Cole, "plaintiff would [not?] have [been?] injured." (Par. 4) The chains and appliance provided by the defendant for raising the said beam were insufficient and unsuited, in that the apparatus to which the said chains were fastened was too wide to be properly used upon so narrow a beam as plaintiff was directed to raise therewith. (Par. 5) Plaintiff had never raised a short beam before with this appliance and was ignorant of the danger in using the same, but relied upon the assurance and representation of the vice-principal of the defendant, in using the same. (Par. 6) The said Cole was the representative and vice-principal of the defendant and was the person upon whom rested the duty of providing a safe place and a safe appliance for plaintiff in his work, and of inspecting the place in which work was to be done and the appliance to be used, for the purpose of seeing that both the place and the appliance were safe. (Par. 7) Defendant was negligent in all the respects heretofore stated, and in failing to provide plaintiff a safe place in which to work; in failing to provide a safe appliance for plaintiff with which to work, and in giving the directions to plaintiff to work with the unsafe appliance, and in assuring him that these appliances were

safe, when as a matter of fact they were not. (Par. 8) Defendant knew or could have known, by the exercise of ordinary care, of the fact alleged above and of the defect and danger stated, and plaintiff did not know and could not by exercise of ordinary care have known thereof, and did not have equal means of knowing thereof. Allegations were made as to the nature and extent of the injuries received.

The defendant demurred, on the ground that the petition set out no cause of action; and the allegations in paragraphs 2 and 6, to the effect that Cole was vice-principal and representative of the defendant, were demurred to, on the ground that they stated a mere conclusion, without stating the scope of Cole's duties or the extent of his authority. Paragraph 4 was demurred to, on the ground that the allegations therein were insufficient to specify any defect in the chains and appliances. By amendment the word "agent" was substituted for the word "vice-principal," in paragraphs 2 and 6 of the petition, and paragraph 6 was amended by adding: The said Cole was the agent of the defendant, who had control of the kind, place, and manner of the work of plaintiff, and whose duty it was to give orders to plaintiff as to the kind, place, and manner of work, and as to the instrumentalities to be used by plaintiff in work. It was plaintiff's duty to obey the orders of the said Cole, and particularly the duty of plaintiff to obey the order of Cole to use the appliance which caused the injury to plaintiff, and to use it in the manner ordered by Cole. Paragraph 4 was amended by adding: "The apparatus which plaintiff was directed to use and did use in raising the beamer consisted of a beam from which a chain was suspended at each end, and these chains were attached to the beamer to raise it. By reason of the fact that the beamer was shorter than the beam to which the chains were attached, the chains did not pull at right angle to the beamer, and the attachments to the beamer were not constructed so as to hold fast as against the pull of the chains in this position, and when the beam had been raised it fell and injured plaintiff. Plaintiff had never raised a shorter beam before, and did not know that the attachment to the beamer would pull off, and could not have so known by the exercise of ordinary care. Plaintiff did not have equal means of knowing this fact, and it was not the duty of the plaintiff to inspect, examine, and test this apparatus to

see whether it would hold; but it was the duty of the defendant to inspect and test this apparatus before ordering plaintiff to use it. Plaintiff had a right to believe that the defendant had inspected and tested this apparatus, which he was ordered to use, and he had a right to believe that this apparatus . . was safe and that the defendant had discharged the duty placed on it by the law. If the defendant had discharged its duty and tested this apparatus, it would have discovered the danger; and defendant failed to exercise ordinary care, in not testing the apparatus and in not warning the plaintiff of the danger of using it."

The demurrer was renewed as to the petition as amended, and it was further contended that the allegations as to Cole failed to show that he was more than a fellow servant of the plaintiff, or that he was such a representative of the master that the plaintiff would have the right to rely upon his assurances, which were contradicted by the plaintiff's own judgment, as to the safety of the appliance used; that the petition showed that the plaintiff was injured by the negligence of a fellow servant, as well as his own negligence; and that the danger described would be obvious to any man of ordinary intelligence, and was observed and commented on by the plaintiff before he undertook to do the work, and therefore he took the risk upon himself. The court overruled the demurrers, and the defendant excepted.

*A. H. Davis,* for plaintiff in error, cited: *Whitfield* v. *L. & N. R. Co.,* 7 *Ga. App.* 268; *Mills* v. *Bartow Lumber Co.,* 9 *Ga. App.* 171; *Hamby* v. *Union Paper Mills,* 110 *Ga.* 1; Labatt, M. & S., § 433 et seq.; *Worlds* v. *Ga. R. Co.,* 99 *Ga.* 283; *Daniel* v. *Forsyth,* 106 *Ga.* 568; *Hendrix* v. *Vale Royal Co.,* 134 *Ga.* 712; *Sou. Ry. Co.* v. *Taylor,* 137 *Ga.* 704; *Banks* v. *Schofield's Sons Co.,* 126 *Ga.* 667; *Pollard* v. *Sou. Ry. Co.,* 8 *Ga. App.* 337, and cit.; *Niblett* v. *La Grange Mills,* 18 *Ga. App.* 173, and cit.

*Hatton Lovejoy,* contra, cited cases cited in the decision.