## 10555. HODGES v. MURKISON.

JENKINS, P. J. 1. A servant is bound to obey a command, when given as such by the master, if it pertains to the duties of the servant's employment and does not involve a violation of the law, and if the act required is not one which is of itself so obviously dangerous that no person of ordinary prudence could be expected to perform it. If, under the circumstances existing at the time of its issuance, the giving of such an order constitutes negligence, but the servant, acting under the duty and obligation thus resting upon him, proceeds to execute the command, and is injured as a consequence, the master is liable in damages for the injuries so sustained. *Whiters* v. *Mallory Steamship Co.*, 23 *Ga. App.* (97 S. E. 453), and cit. And while ordinarily the law reads into contracts of employment an agreement on the servant's part to assume the known risks of the employment, so far as he has the capacity to realize and comprehend them, yet this implication may be abrogated by an express or implied contract to the contrary. Thus, if the servant complains to the master that the instrumentality with

which, or the place where, he is required to perform his duties appears to be dangerous, and thereupon the master commands him to proceed with the work and assures him there is no danger, then, unless the danger be so obvious and manifest that no prudent man would expose himself to it, the law implies a quasi new agreement whereby the master relieves the servant from his former assumption of risk, and places upon the master responsibility for resulting injuries. *International Cotton Mills* v. *Webb,* 22 *Ga. App.* 309 (3) (96 S. E. 16), and cit.

2. Applying to the petition in this case the rulings announced above, the questions as to whether the order as given to the plaintiff by the defendant was a negligent one, and whether the act required, under the assurance given, was one which of itself was so obviously dangerous that no person of ordinary prudence could be expected to perform it, are questions of fact to be determined by the jury from the evidence adduced on the trial of the case. The petition, therefore, set out a cause of action, and the court did not err in overruling the general demurrer, since questions as to diligence and negligence, including contributory negligence, are questions peculiarly for the jury, and the court will decline to solve them by decision on demurrer, except in plain and indisputable cases. Such of the special grounds of the demurrer as were meritorious were properly met by an appropriate amendment.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED FEBRUARY 7, 1920.

Action for damages; from city court of Bainbridge—Judge Spooner. April 14, 1919.

The petition alleges, that the plaintiff was a locomotive engineer on a log-train operated by the defendant; that he hauled the log-train from the defendant's mill to the woods, and back to the mill and to the log ramp (describing it), where logs were unloaded from the train, remaining on his engine while the logs were unloaded; that the skids composing the log ramp were about eight or ten feet apart, and the logs hauled on the train ranged in length from thirty to sixty feet; that he had never worked at or on a log ramp, and had no experience in loading or unloading logs, and knew nothing of the dangers incident to such work; that on a certain day, because of the absence of one of the hands regularly employed to unload the logs from the train to the log ramp, the defendant ordered him to help unload the logs from the train, and he replied that he knew nothing about unloading logs, that he had noticed that some of the skids were out, and was afraid that the skidway was not safe, and that he was afraid he would be hurt if he attempted to comply with the order; that the defendant then told the plaintiff that he knew the condition of the skidway and

knew that it was safe, and said, "Just fasten your cant-hook in the log, jump off, turn loose when the log starts, and duck your head, and the log will pass over and not hurt you; there is no danger; now run on and unload the logs quick, the skidway is perfectly safe;" that in compliance with this order, and acting on the assurance of the defendant that there was no danger, the plaintiff went ahead to assist the laborers in unloading the logs, and acted exactly as ordered by the defendant; that in unloading one of the logs he was at their butt end, and that the butt end, being larger than the other end, rolled faster; that as soon as the log started rolling he attempted to get out of the way, and he would have done so but for the fact that the log rolled onto a place where one of the skids had been broken, and, reaching that place, became overbalanced and fell overboard on him, causing personal injuries described. The petition further alleges, that on the day of the injury one of the skids composing the skidway had rotted and been broken out, and that the plaintiff was injured at the place where the skid had rotted out; that while he knew the skid had rotted out of the ramp, he did not know the number of skids that were necessary to sustain the logs, and did not know, and by the exercise of ordinary care could not have known, of the dangers of the skidway, and could not by the exercise of ordinary care have avoided the injury; that the defendant was familiar with the condition of the log ramp, had been unloading logs on the ramp in the condition in which it was for quite a time, and knew the dangers of the skidway. The petition charges the defendant with negligence in the following particulars: (*a*) in not furnishing petitioner a safe place to work; (*b*) in taking him from his position on the locomotive and ordering him to unload the logs with the assistance of two negroes; (*c*) in assuring him that the place where he was assigned to unload logs was safe and not dangerous, and that he would not be injured; (*d*) in ordering him to perform the work of unloading the logs after he had protested and stated to the defendant that he did not consider the skidway safe, and in assuring him that the skidway was safe and that he would not be injured; (*e*) in taking a man inexperienced in unloading logs, not employed for that purpose, and ordering him to unload the logs, and assuring him that it was safe to unload them in the manner and at the place stated by the defendant, when in fact it was not

a safe place to work and the assurance of the defendant was untrue. The defendant demurred generally and specially, the court overruled the demurrer, and the defendant excepted.

*Hartsfield & Conger,* for plaintiff in error.

*D. R. Bryan, T. S. Hawes,* contra.