### 17600, 17601.  RABON *v.* ATLANTIC COAST LINE RAILROAD COMPANY; and *vice versa.*

In this action by a servant against his master to recover damages for personal injuries, the petition set forth a cause of action, and the evidence was sufficient to make a case for the jury. The court properly overruled the general demurrer to the petition, but erred in awarding a nonsuit.

DECIDED MAY 12, 1927.  REHEARING DENIED JULY 13, 1927.

Action for damages; from city court of Savannah—Judge Freeman.  May 11, 1926.

*Oliver & Oliver,* for plaintiff.

*Lawrence & Abrahams, F. R. Youngblood,* for defendant.

BELL, J.  This was a suit by a servant against his master for damages for personal injuries. In the main bill of exceptions the plaintiff assigns error on a judgment of nonsuit. In the cross-bill the defendant excepts to the overruling of its general demurrer to the petition.

Under the evidence the jury could have found the following facts: The plaintiff was ordered by the defendant to place a certain appliance, a·draft-gear, in its proper position as part of the under-equipment of a freight-car. This appliance consisted of several parts, including two metal drums each of which contained a coil spring. These springs were set opposite each other, end toward end, separated by "follow plates." The horizontal space into which the appliance was to be placed was closed on four sides, and was too small to receive the particular appliance in the usual manner. After inserting one of the drums, with its spring and the "follow plates," the plaintiff undertook to drive the other drum and spring into position by striking the drum with an eight-pound hammer. At the first blow the springs and follow plates "sprang back" and fell from the enclosed space into which the appliance was being inserted, dropping on the plaintiff's knee and causing the injuries sued for. The plaintiff was a carpenter

Master and Servant, 39 C. J. p. 929, n. 93; p. 1167, n. 72.

and was not acquainted with the dangers incident to the installation of the appliance in question, and was acting under a direct and peremptory command of his superior workman, the defendant's alter ego, who told the plaintiff, "it was all right, it could go in, to drive it in." The petition alleged that the defendant was negligent in giving the plaintiff improper and negligent instructions as to the method of performing his work, in not furnishing to him material and equipment of the proper size, shape, and dimensions with which to work, and in other particulars set forth, and that the plaintiff did not know and had not equal means with his master of knowing of the dangers which threatened him, could not have discovered the same by ordinary care, and was in the exercise of such care.

Under the decision in *Hood* v. *Atlantic Steel Co., 29 Ga. App.* 457 (115 S. E. 917), and authorities there cited, the petition set forth a cause of action, and the evidence was sufficient to make a case for the jury. The court properly overruled the demurrer, but erred in granting the nonsuit.

There is in the record some additional evidence bearing upon the question of assumption of risk, and also upon the question of whether the plaintiff should be barred because of his own negligence or want of care; but we can not agree that the evidence was sufficient to demand an adjudication against the plaintiff upon either of these issues. See further, in this connection: *Massee & Felton Co.* v. *Ivey, 12 Ga. App.* 583 (77 S. E. 1130); *International Cotton Mills* v. *Webb, 22 Ga. App.* 309 (96 S. E. 16); *Whiters* v. *Mallory Co., 23 Ga. App.* 47 (97 S. E. 453); *Buckeye Cotton Oil Co.* v. *Everett, 24 Ga. App.* 739 (102 S. E. 167); *Central of Ga. Ry. Co.* v. *Lindsey, 28 Ga. App.* 198 (110 S. E. 636).

*Judgment on the main bill of exceptions reversed; on the cross-bill affirmed. Jenkins, P. J., and Stephens, J., concur.*