37286.   BOROCHOFF *et al. v.* FOWLER.

DECIDED SEPTEMBER 26, 1958—REHEARING DENIED
OCTOBER 21, 1958.

*Smith, Field, Doremus & Ringel, Palmer H. Ansley,* for plaintiffs in error.

*Poole, Pearce & Hall, Stanley P. Herndon,* contra.

414

CARLISLE, Judge. ■ The first contention of·the plaintiffs in error is that the petition as finally amended affirmatively shows that the plaintiff's exclusive remedy for the alleged injuries is under the provisions of the Workmen's Compensation Act (Code, Ann., § 114-101, et seq.). This contention is based on the further contention that the petition when construed against the plaintiff, as must be done on general demurrer, affirmatively shows that the defendant corporation has 10 or more persons in its employ, and that under the provisions of that act the plaintiff's exclusive remedy for any injury arising out of and in the course of his employment must be confined to the filing and the prosecution of a claim before the State Board of Workmen's Compensation. Code § 114-103. This contention is without merit. The petition does not affirmatively show that the defendant employer has as many as 10 employees in the same business within this State. "There is no presumption that an employer and an employee are operating under the provisions of the compensation act where the employer has less than ten employees in the same business within this State, and there is no presumption as to how many employees a particular employer has." *Bussell* v. *Dannenberg Co.*, 34 *Ga. App.* 792, 796 (132 S. E. 230). There is no presumption in a suit by an employee against the employer that the compensation law applies, and no requirement that the petition negative that fact. *Reid* v.· *Lummus Cotton Gin Co.*, 58 *Ga. App.* 184, 185 (197 S. E. 904). In an action of this nature, if in fact the employer and employee had adopted the workmen's compensation act, this would be a matter of fact to be raised by way of affirmative defense and for proof as any other matter of fact arising in the case. However, this fact does not affirmatively appear from the petition, and the petition is not for that reason subject to the general demurrer of the corporate defendant.

■ However, the foregoing rule would not preclude a recovery by the plaintiff against an individual third party tortfeasor even though he be a fellow employee or corporate officer. *Echols* v. *Chattooga Mercantile Co.*, 74 *Ga. App.* 18 (3b) (38 S. E. 2d 675). For this reason, irrespective of whether or not the remedy available to the plaintiff against Southern Wire and Iron, Inc.,

is exclusively under the Workmen's Compensation Act, he is not by that reason precluded from proceeding in a common-law action against the defendant Borochoff, and the trial court, therefore, did not err in overruling the general demurrer of the defendant Borochoff.

■ The only other contention argued and insisted upon by the plaintiffs in error in this court is that the petition in this case affirmatively shows that the plaintiff voluntarily assumed the risk of the injury suffered by him when he chose to continue to work for the defendant corporation knowing that the acid in the vat was a dangerous and corrosive substance likely to cause the injury sued for. This contention, however, is without merit. The petition clearly presents a case the facts of which are within the ruling made in *International Cotton Mills* v. *Webb*, 22 *Ga. App.* 309, 310 (96 S. E. 16) where Judge Jenkins speaking for this court said: "2. Among the absolute, continuous, and nonassignable duties of the master to the servant is the duty of the former to furnish the latter a safe place to work, and to refrain from giving orders which will require the servant to put himself in a position where he will be subject to risk of injury from a dangerous instrumentality. *Moore* v. *Dublin Cotton Mills* [127 *Ga.* 609, 56 S. E. 839, 10 L. R. A. (NS) 772]; *Columbus Mfg. Co.* v. *Gray*, 9 *Ga. App.* 738 (72 S. E. 273); *Cherokee Brick Co.* v. *Hampton*, 16 *Ga. App.* 53 (84 S. E. 328). But even the direct and immediate order of the master will not justify a servant in rashly exposing himself to a known and obvious danger; and if, in compliance with the command in such cases, the servant be injured, he can not recover of the master therefor. *Southern Cotton-Oil Co.* v. *Gladman*, 1 *Ga. App.* 259 (6), 264 (58 S. E. 249). If, however, a servant, although an adult and fully cognizant of his general duty in reference to the machine, and aware of the dangers ordinarily incident to its operation, obeys a direct order of a servant authorized by his master to give the direction, in reference to the mode and manner of operating the machine, and injury results, the master is liable, provided the act required to be done is not so obviously dangerous that no reasonably prudent man would undertake to perform it. *Moore* v. *Dublin Cotton Mills*, supra. 3. While ordinarily the law reads into

contracts of employment an agreement on the servant's part to assume the known risks of the employment, so far as he has the capacity to realize and comprehend them, yet this implication may be abrogated by an express or implied contract to the contrary. Thus, if the servant complains to the master that the instrumentality appears to be dangerous, and thereupon the master commands him to proceed with the work and assures him there is no danger, then, unless the danger be so obvious and manifest that no prudent man would expose himself thereto, the law implies a quasi new agreement whereby the master relieves the servant from his former assumption of risk, and places responsibility for resulting injuries upon the master. *Bush* v. *West Yellow Pine Co.*, 2 *Ga. App.* 295 (58 S. E. 529); *Massey & Felton Lumber Co.* v. *Ivey*, 12 *Ga. App.* 583 (77 S. E. 1130); *Cherokee Brick Co.* v. *Hampton,* supra." See also, *Hodges* v. *Murkison,* 24 *Ga. App.* 739 (102 S. E. 134). It follows that the trial court did not err in overruling the general demurrers.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*