## 48435. YANCEY v. GREEN et al.

STOLZ, Judge. The plaintiff appeals from an order of the Superior Court of Gwinnett County sustaining the defendants' motion to dismiss her complaint for damages against defendants individually as members of the Gwinnett County Board of Education. The plaintiff's complaint alleged that her husband was killed as the result of an electrical shock while working as an employee of the Gwinnett County Board of Education. By an amendment to the complaint, the plaintiff added allegations of "wilful misconduct and wanton disregard" against the defendants. On the occasion of his untimely death, the plaintiff's

husband, as an employee of the Gwinnett County Board of Education, was subject to the provisions of the workmen's compensation statutes of this state. Code § 114-101 (as amended by Ga. L. 1970, p. 196; 1970, p. 235). *Held:*

The rights and benefits under the workmen's compensation statutes exclude all other rights and remedies to the employee and (in this case) his surviving spouse. Code § 114-103 (as amended by Ga. L. 1972, pp. 929, 930). As an employee of the Gwinnett County Board of Education, the plaintiff's deceased husband could not reject the provisions of the workmen's compensation statutes. Code § 114-109. This court takes judicial notice of the statutes of this state, Code § 38-112, and the applicability of the workmen's compensation statutes to the facts in the case at bar. See *Rosser v. Meriwether County,* 125 Ga. App. 239 (186 SE2d 788). In *Rosser,* supra, p. 243, this court noted that county school board employees are covered under the Workmen's Compensation Act.

The plaintiff contends that the provisions of the workmen's compensation statute do not apply here because of the contents of her complaint alleging "wilful misconduct and wanton disregard" against the defendants. Code § 114-102 (as amended by Ga. L. 1946, pp. 103, 104; 1963, pp. 141, 142; 1973, pp. 232, 234) provides in part that, "nor shall 'injury' and 'personal injury' include injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee. . ." For examples of the application of this portion of the statute, see *Roberts v. Baker,* 57 Ga. App. 733 (196 SE 104), *Harrell v. Graham,* 70 Ga. App. 178 (27 SE2d 892), and *Borochoff v. Fowler,* 98 Ga. App. 411 (105 SE2d 764).

Here, the factual situation is vastly different from that found in the cases above cited. Here, the defendants constitute the Board of Education of Gwinnett County. Their alleged tort consisted of an act of nonfeasance in their official capacities—failure to repair and furnish the plaintiff's husband a safe place to work. The case is controlled by the decision of this court in *Mull v. Aetna Cas. &c. Co.,* 120 Ga. App. 791 (172 SE2d 147), where it was held that an insurance carrier which negligently inspected machinery of the employer and failed to warn employees of its dangerous condition, was the alter ego of the employer within the statutory definition equating the insurance carrier to the employer "as far as applicable," and thus entitled to the immunity afforded the employer under the workmen's

compensation law. In the case sub judice, the defendants are in fact the employer, and the Workmen's Compensation Act applies. Code Ann §§ 114-101, 114-102, 114-103; *Southern Wire &c. v. Fowler,* 217 Ga. 727 (124 SE2d 738).

The judgment of the trial court sustaining the defendant's motion to dismiss the plaintiff's complaint was correct and is affirmed.

*Judgment affirmed. Eberhardt, P. J., concurs. Pannell, J., concurs in the judgment only.*

Argued September 4, 1973 — Decided September 20, 1973.

*R. Beverly Irwin, Sarah M. Wayman, T. A. Hasis,* for appellant. *Webb, Fowler & Tanner, W. Howard Fowler,* for appellees.