### 50196. CUNNINGHAM v. HEARD et al.

STOLZ, Judge.

The plaintiff employee, after having collected Workmen's Compensation benefits from his employer company for injuries sustained in a fall from a scaffold on November 14, 1972, brought this action for damages against the general contractor of the job, the company supplying the scaffold, and the president of his employer. The latter's alleged negligence consisted of the violation of his duty under the Occupational Safety and Health Act (29 U. S. C. § 654; 29 C. F. R. § 1910.28(a)(3)) to provide guardrails on the 25-foot-high rolling scaffold.

In support of his motion for summary judgment, the defendant Heard testified by affidavit that at all times he acted in his representative capacity as president of P. W. Heard & Co., plaintiff's employer, and not in his individual capacity. In answer to interrogatories, the plaintiff swore that he was directed to work at a height of about twenty-five feet above the floor level by his immediate supervisor, Gordon L. Davis, and that the communication originated from this defendant (Heard) because of the fact of employment and the employment

relationship with P. W. Heard & Co. (R,30). The plaintiff further swore in answer to interrogatories that his immediate supervisor was Gordon L. Davis; that the plaintiff was under the control and direction of defendant Heard because in his (Heard's) capacity as president of the corporation Heard was responsible for the day-to-day business operation of the corporation, including general control of all jobs in progress and the supervision of equipment in use thereon (R,29). The plaintiff also swore that the control and supervision which defendant Heard exercised over the plaintiff was in his capacity as a representative of P. W. Heard & Co. (R,29). The plaintiff appeals from the grant of a summary judgment in favor of the defendant president of his employer. *Held:*

Under Code § 114-103, as amended by Ga. L. 1974, pp. 1143, 1144, "no employee shall be deprived of any right to bring an action against any third-party tortfeasor, *except employees of the same employer*" (emphasis supplied), for "accidental injuries sustained on or after April 1, 1974." Ga. L. 1974, pp. 1143, 1156, § 12.

The accidental injuries in the case sub judice having been sustained prior to April 1, 1974, the case is controlled by the law prior to the 1974 amendment to § 114-103, which is that "an employee, after having collected Workmen's Compensation benefits from the employer, can proceed against a *fellow employee* in a common law tort action *against the offending employee as an individual.*" (Emphases supplied.) *Floyd v. McFolley,* 131 Ga. App. 4 (1) (205 SE2d 29) and cits.

The issue then presented is whether the defendant president was a "fellow employee" or the alter ego of the employer. The factual situation presented in this case is markedly different from that presented in *Borochoff v. Fowler,* 98 Ga. App. 411 (105 SE2d 764) and *Echols v. Chattooga Mercantile Co.,* 74 Ga. App. 18 (3b) (38 SE2d 675). In both of those cases there was active, direct, individual action by the employer's officer specifically directed toward the employee.

This case falls within the ambit of *Yancey v. Green,* 129 Ga. App. 705 (201 SE2d 162), where the defendant was in fact the employer or the alter ego thereof and at all times acted as such. This fact is underscored by the

plaintiff's answers to interrogatories, wherein he states that defendant Heard's actions were in his capacity as a representative of the company.

There was no genuine issue of material fact. The trial judge correctly sustained defendant Heard's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED MARCH 13, 1975.

*Robert G. Young, Thomas L. Murphy,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, George H. Connell, Jr., Edward C. Stone,* for appellees.