## 53192. WINSLETT v. TWIN CITY FIRE INSURANCE COMPANY et al.

SMITH, Judge.

Winslett was injured while operating a crane at a job site. He brought suit against several parties; this case involves the job superintendent, Greene, as defendant. Greene moved for summary judgment on the grounds that he was an employer immune to such suit under the Workmen's Compensation Act and because no facts appeared from which negligence on his part could be inferred. The trial court granted the motion, holding that Greene did fit within the definition of "employer" under the Act. We disagree, reverse the judgment, and remand the case for resolution of the second part of Greene's motion. A fuller discussion of the factual background of this case may be found in *Winslett v. Twin City Fire Ins. Co.,* 141 Ga. App. 143 (232 SE2d 638).

Winslett's injury occurred in 1973, at a time when Code § 114-103 allowed an employee covered under the Act to bring an action against a co-employee tortfeasor but not against the employer. Subsequent amendments preclude the action against fellow employees. Ga. L. 1974, pp. 1143, 1144. Unquestionably, had the accident occurred on or after April 1, 1974, the action against Greene would be barred. See Ga. L. 1974, p. 1156, § 12. But, since it occurred prior to that time, the action is barred by the Act only if Greene can be construed to have been the employer.

Greene argues that under the holdings of *Yancey v. Green,* 129 Ga. App. 705 (201 SE2d 162), and *Cunningham v. Heard,* 134 Ga. App. 276 (214 SE2d 190), he is an "alter ego" of the employer, immune from an independent tort action. We cannot agree. The common law provided an injured party with an action against a tortfeasor and against his employer if the tort was committed within the course and scope of the

master-servant relationship. The employer's vicarious liability in no way abated the employee's liability. Until 1974, the Workmen's Compensation Act did not relieve an employee from liability to a fellow employee unless, under the terms of *Yancey* or *Cunningham,* the employee could be considered the alter ego of the employer. Such constructions derogate the common law right to an action in tort, and they must not be applied loosely. For that reason, we will not extend the holdings of *Yancey* or *Cunningham* beyond the finite facts of those cases.

Greene, a job site superintendent, did not stand in the same relationship to his employer as did the corporate president in *Cunningham* or the board members in *Yancey.* He did control the job site, but there is no evidence that his authority was virtually coextensive with his employer's. To bar an independent suit against Greene would be to do judicially what was done legislatively in 1974.

We reverse the judgment and remand the case for further hearing on whether there exists a material issue of fact as to negligence on Greene's part.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 17, 1977 — DECIDED JUNE 27, 1977.

*Shelfer, Shelfer & Eldridge, Frank M. Eldridge,* for appellant.

*Robert L. Pennington, Glover & Davis, J. Littleton Glover, Jr., Jack T. Camp, David A. Handley,* for appellees.