## 54708. VAUGHN v. JERNIGAN et al.

BANKE, Judge.

Appellee Larry Jernigan was injured while removing lumber from a power saw operated by his employer on property owned by the appellant. He and his wife sued, alleging that the saw was not equipped with proper safety equipment and that it therefore constituted a defective condition existing on the premises. They sought to hold the appellant liable as a property owner for his nonfeasance in failing to correct the condition. This appeal was precipitated by a jury verdict in their favor.

Jernigan's employer, Central Lumber Co., had installed the saw after taking possession of the premises under a lease agreement with the appellant. In addition to being Central Lumber Co.'s landlord, the appellant was also its president, a director, and a stockholder. As such, he visited the premises frequently and was fully aware of the unsafe manner in which the saw was being operated.

Central Lumber Co. was subject to the provisions of

the Workmen's Compensation Act at the time Jernigan was injured, and Jernigan has been awarded compensation under the provisions of that Act. See Code Ann. § 114-101 et seq. We are now presented with the question of whether an additional recovery may be had against the appellant in his capacity as owner of the premises or whether such recovery is precluded by Code Ann. § 114-103 (as amended through Ga. L. 1974, pp. 1143, 1144), which makes workmen's compensation an employee's exclusive remedy against an employer who is subject to the provisions of the Act. We hold that it is the exclusive remedy in the circumstances before us now.

It is clear that the appellant's knowledge of the allegedly defective condition, as well as his authority to correct it, came to him not through his ownership of the premises but through his active involvement in the management of the employer corporation as its chief executive officer. Whatever breach of duty he may have committed with respect to the operation of the saw, he committed solely through nonfeasance and while acting as "alter ego" of the corporation, conclusions with which the appellees agree in their brief. Accordingly, he cannot properly be labeled a "third-party tortfeasor," and a recovery against him is precluded by Code Ann. § 114-103, supra. See *Mull v. Aetna Cas. & Sur. Co.*, 120 Ga. App. 791 (172 SE2d 147) (1969); *Yancey v. Green*, 129 Ga. App. 705 (201 SE2d 162) (1973); *Cunningham v. Heard*, 134 Ga. App. 276 (214 SE2d 190) (1975).

It was error to deny the appellant's motion for directed verdict.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED OCTOBER 12, 1977 — DECIDED JANUARY 26, 1978 — REHEARING DENIED FEBRUARY 8, 1978 —

*Burnside, Dye, Miller & Bowen, A. Montague Miller, James B. Wall,* for appellant.

*Harris, McCracken, Pickett & Jackson, William R. McCracken,* for appellees.