## 55127. CHAMBERS v. GIBSON.

McMURRAY, Judge.

This is an action to recover damages for bodily injury allegedly sustained by plaintiff while employed by Gibson Electric, Inc., a corporation. The complaint was filed against John W. Gibson, who at the time of the alleged injury was the president, director and chief executive

officer, as well as a stockholder of Gibson Electric, Inc. The plaintiff alleges and the discovery depositions reveal, that the plaintiff was injured while operating a lift device in connection with his duties as a lineman employed by Gibson Electric, Inc. Plaintiff contends that defendant Gibson in his individual capacity is liable to the plaintiff for his alleged failure to inspect and repair the lift device in question, said defects in the lift device having been alleged to have proximately caused plaintiff's injury. The defendant pleaded an affirmative defense that plaintiff had recovered workmen's compensation benefits under the workmen's compensation law of the State of Tennessee where the injury occurred. A motion for summary judgment based in part upon the exclusiveness of the remedy provisions of the Tennessee Workmen's Compensation Act and the Georgia Workmen's Compensation Act was filed, and it was shown that the plaintiff did in fact receive workmen's compensation benefits as a result of the incident which forms a basis of the complaint. In considering the motion the court held that the defendant was the alter ego of Gibson Electric, Inc. in all of his acts and doings in connection with the lift device in question and in his dealings generally with the employees of Gibson Electric, Inc. and that a mere allegation of wilfulness did not afford the plaintiff a remedy against the defendant, citing *Yancey v. Green,* 129 Ga. App. 705 (201 SE2d 162). The court then held that where it is conclusively shown that an executive of a corporation acts in his representative capacity as the alter ego of the corporation an employee injured in the course of his employment may not recover workmen's compensation benefits and then sue the executive of the corporation in tort, citing Code Ann. § 114-103 (Ga. L. 1974, pp. 1143, 1144), and *Cunningham v. Heard,* 134 Ga. App. 276 (214 SE2d 190). The motion was granted in favor of the defendant, and plaintiff appeals. *Held:*

Under cases cited above (*Yancey v. Green,* 129 Ga. App. 705, 706, supra; *Cunningham v. Heard,* 134 Ga. App. 276, supra), as well as *Mull v. Aetna Cas. &c. Co.,* 120 Ga. App. 791 (172 SE2d 147) and as shown by the uncontested evidence in this case, the trial court did not err in granting summary judgment in favor of the defendant.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

Submitted January 12, 1978 — Decided February 24, 1978.

*Eckhardt & Lee, William Eckhardt,* for appellant.
*Burt, Burt & Rentz, D. D. Rentz,* for appellee.