S92G1207. PARDUE et al. v. RUIZ et al.
S93G0505. PARDUE v. AVELAR et al.
(429 SE2d 912)

CLARKE, Chief Justice.

Respondents were injured on the job when scaffolding erected by their employer (the subcontractor in this case) collapsed. Respondents received workers' compensation from their employer and then sued Petitioner, then the vice-president and safety officer of the general contractor. Respondent alleged that the contract between the general contractor and the subcontractor required Pardue, as safety officer, to inspect the construction premises. Pardue did not help build the scaffolding; he did not inspect the scaffold, nor was he on the premises on the day of the accident.

The trial court granted Pardue's motion for summary judgment. The Court of Appeals, relying on OCGA § 34-9-11 and *Long v. Marvin M. Black Co.*, 250 Ga. 621 (300 SE2d 150) (1983), reversed. It held

---

that the employee of the principal contractor does not share in the immunity of his employer when acting as alter ego of the principal. *Ruiz v. Pardue*, 204 Ga. App. 566 (1) (420 SE2d 1) (1992); *Avelar v. Scaffolding &c. Systems,* 206 Ga. App. 682 (426 SE2d 673) (1992). We granted Pardue's petition for certiorari in Case No. S92G1207. Upon a joint motion for consolidation by the parties, this court ordered the cases consolidated on appeal on April 15, 1993.

The petitioner argues that an employee who acts merely as an alter ego of the prime contractor is entitled to the immunity enjoyed by the statutory employer under the provisions of the Georgia Workers' Compensation Act. Defendant was not a third-party tortfeasor (as in *Long*), but rather he acted in his representative capacity *alone.* Therefore, he argues, he is only the alter ego of the principal contractor and benefits from the employer's immunity.

Petitioner relies on a distinction between an affirmative breach of duty and an act of passive negligence (nonfeasance) in his representative capacity. His failure to inspect the scaffolding was nonfeasance while acting as the alter ego of the employer. See *Vaughn v. Jernigan,* 144 Ga. App. 745 (242 SE2d 482) (1978); *Hay v. Britt Realty,* 174 Ga. App. 214 (329 SE2d 544) (1985). He contends that something beyond nonfeasance in the duty of general supervision is required to impose liability on an employee because that is a duty owed by the employer to its employees. We agree. Where, as here, the duty breached by the supervisor is a nondelegable duty of general supervision or of providing a safe workplace, the employee shares in his employer's tort immunity.

The Court of Appeals has, in a long line of cases, extended immunity to officers, shareholders, and managers of the immediate employer of the injured employee. The rationale of the court has been that the manager was acting in the place of his employer. See *Yancey v. Green,* 129 Ga. App. 705 (201 SE2d 162) (1973); *Chambers v. Gibson,* 145 Ga. App. 27 (243 SE2d 309) (1978). In *Cunningham v. Heard,* 134 Ga. App. 276 (214 SE2d 190) (1975), the Court of Appeals held that the supervisor of the injured employee was not a fellow employee and was therefore immune to a common law tort action.[1] The issue in that case was whether the defendant was a fellow employee of the plaintiff or the alter ego of the employer. In finding the defendant to be the alter ego of the employer, the Court of Appeals distin-

---

[1] The employee in the *Cunningham* case was injured from his fall from a scaffold prior to April 1, 1975. The law at that time provided that " 'an employee, after having collected Workmen's Compensation benefits from the employer, can proceed against a *fellow employee* in a common law tort action *against the offending employee as an individual.*' " (Emphasis in original.) *Cunningham,* supra at 277. For our purposes, the analysis in *Cunningham* is persuasive in determining if the supervising employee should be treated as the statutory employer.

guished cases where the supervisor committed "active, direct, individual action" directed toward the employee. *Borochoff v. Fowler*, 98 Ga. App. 411 (105 SE2d 764) (1958); *Echols v. Chattooga Mercantile Co.*, 74 Ga. App. 18 (3) (b) (38 SE2d 675) (1946).

In this case, plaintiffs allege that Pardue negligently failed to inspect the job site and eliminate dangerous conditions. They ascribe this duty to inspect to the contract between the principal contractor and the subcontractor. In the contract, Marvin M. Black Company assumed the duty of making safety inspections and supervising safety procedures. The employer owes to its employees the duty to provide a safe place to work. OCGA § 34-7-20. This duty is non-delegable. *Atkinson v. Empire Printing &c. Co.*, 76 Ga. App. 206 (45 SE2d 280) (1947) (the law places upon the master a personal or positive, sometimes called nondelegable, duty to provide for his servant). In the contract with the subcontractor, Pardue was designated as the safety officer. Pardue's duty to supervise and inspect only arises in his capacity as the employer's representative. He was not a party to the contract; he did not sign, and his name was typed in by Marvin M. Black Company. He in no way took up these duties as an individual.

In *Long v. Marvin M. Black Co.*, supra, the defendant-employee negligently discharged a nail gun, injuring the plaintiff's leg. The defendant in that case breached a general duty of care, not one derived from his status as an employee. The source of Pardue's duty, on the other hand, was the employer. Since the employer who owed the duty enjoyed statutory immunity, Pardue shares in that immunity.

The Workers' Compensation Act was enacted with the policy of shifting the burden of injuries from employees to the employer and the consuming public. To that end, the employee need not show any fault on the part of the employer. The employer likewise cannot defend the action by proving its lack of negligence, the employee's contributory negligence, or assumption of the risk. In giving up these defenses, the employer gained immunity from tort liability. The practical effect of denying immunity to an officer or supervisor would defeat this policy by practically mandating the company to indemnify such employees. This would be particularly true in instances where the duty breached by the supervisor was one delegated by the employer.

Therefore, we hold that where negligence is based on a general non-delegable duty of the employer (such as supervision and safety), the supervisory employee shares in the immunity of the employer. This immunity would not, however, extend to the supervisor when he commits an affirmative act causing or increasing the risk of injury to another employee.

*Judgment reversed. All the Justices concur, except Carley, J., who concurs in the judgment only.*

DECIDED JUNE 1, 1993.

*Long, Weinberg, Ansley & Wheeler, Robert D. Roll,* for appellants.

*Clark & Smith, Craig T. Jones, Thomas C. Blaska & Associates, Thomas C. Blaska, Heyman & Sizemore, William B. Brown, Sharon Ware & Associates, Emory A. Wilkerson,* for appellees.