Waver Henry **PADGETT,**
et al., **Plaintiffs,**

v.

**CH2M HILL SOUTHEAST, INC., et al.,**
**Defendant/Third–Party Plaintiffs,**

v.

**EIC ELKINS CONSTRUCTORS, INC.,**
**Third–Party Defendant.**

**C.A. No. 93–98–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Oct. 25, 1994.

---

J. Converse Bright, Valdosta, GA, for plaintiffs.

Devin M. Ehrlich and Jay Michael Barber, Atlanta, GA, for CH2M Hill Southeast, Inc. and Roger Yorton.

George T. Talley, Valdosta, GA, for Michael McMurray and Wayne Hansen.

Devin M. Ehrlich, Jay Michael Barber, Atlanta, GA, and George T. Talley, Valdosta, GA, for EIC Elkins Constructors, Inc.

## ORDER

OWENS, Chief Judge.

Before the court is the motion for summary judgment filed by defendants Michael McMurray and Wayne Hanson, and third-party defendant EIC Elkins Constructors Inc. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

On February 15, 1991, EIC Elkins Constructors Inc. ("Elkins") entered into a contract with the City of Valdosta, Georgia for the construction of a water treatment plant. The water treatment plant had been de-signed for the City of Valdosta by CH2M Hill Southeast Inc. ("CH2M Hill"). The contract between Elkins and the City of Valdosta provided that CH2M Hill was to serve as the engineer on the construction project.

On December 14, 1992, a defect was discovered in a flap valve located in a closed chamber of the water treatment plant. To correct the faulty valve, a CH2M Hill engineer suggested that Elkins weld the valve shut. Accordingly, Mike McMurray, Elkins' project engineer, directed Wayne Hansen, Elkins' job superintendent, to have the valve welded shut. Hansen then hired plaintiff Waver Padgett, a freelance welder, to perform the welding job.

In order to reach the faulty valve, Padgett was required to descend into the closed chamber. Prior to descending into the chamber, Padgett asked Hansen if the chamber had been "sniffed" and checked out. Hansen replied that the chamber was ready for welding. The chamber, however, was filled with oxygen-rich air as a result of the ozone generators used to purify water in the chamber. Accordingly, when Padgett attempted to weld the valve shut, an explosion occurred. Padgett was subsequently taken to a hospital where he was treated for burns.

On February 16, 1993, Padgett and his wife, Gerlinda Padgett, brought suit against Elkins in the Superior Court of Lowndes County, Georgia. Elkins moved for summary judgment on the basis that Elkins was Padgett's statutory employer and had paid worker's compensation benefits to Padgett. The court granted Elkins' motion on August 24, 1993.

On October 5, 1993, the Padgetts brought suit in this court against CH2M Hill, Roger Yorton[1], Michael McMurray, and Wayne Hansen. In their complaint, plaintiffs contend that defendants were negligent in allowing Waver Padgett to begin welding in an atmosphere defendants knew to be rich in oxygen. Subsequently, defendants CH2M Hill and Yorton filed a third-party complaint against Elkins seeking indemnification for any damages plaintiffs may recover from CH2M Hill and Yorton. In addition, defen-

---

1. Defendant Roger Yorton is an engineer em-   ployed by CH2M Hill.

dants CH2M Hill and Yorton filed a cross-claim against defendants McMurray and Hansen seeking indemnification for any damages plaintiffs may recover from CH2M Hill and Yorton.

On August 9, 1994, McMurray, Hansen and Elkins filed this motion for summary judgment. In the motion, defendants McMurray and Hansen contend that they are entitled to judgment as a matter of law on both plaintiff's complaint and defendants CH2M Hill and Yorton's cross-claim. Further, third-party defendant Elkins contends that it is not liable to defendants CH2M Hill and Yorton under the "active-passive" theory of indemnification.

## DISCUSSION

Defendants CH2M Hill and Yorton have voluntarily dismissed their cross-claim against defendants McMurray and Hansen. In addition, defendants CH2M Hill and Yorton have dismissed the count in their third-party complaint that seeks indemnification from Elkins on the basis of the "active-passive" rule. This dismissal, however, does not affect the third-party complaint to the extent it seeks indemnification on the basis of Elkins' contract with the City of Valdosta. Accordingly, the only issue remaining for consideration is defendants McMurray and Hansen's motion for summary judgment on plaintiff's complaint.

■ Defendants McMurray and Hansen contend that as employees of plaintiff's statutory employer, they share in the immunity granted to Elkins under Georgia's worker's compensation law. *See Wright Associates, Inc. v. Rieder,* 247 Ga. 496, 277 S.E.2d 41 (1981) ("[T]he rights granted an employee to recover worker's compensation benefits from his employer exclude all common law rights of the employee to recover against his employer and certain others"); O.C.G.A. § 34–9–11 ("The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . .; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, *other than an employee of the same employer* . . ."). As a general rule, defendants are

correct. *See Pardue v. Ruiz,* 263 Ga. 146, 429 S.E.2d 912 (1993) ("[W]here negligence is based on a general non-delegable duty of the employer (such as supervision and safety), the supervisory employee shares in the immunity of the employer"). "This immunity would not, however, extend to the supervisor when he commits an affirmative act causing or increasing the risk of injury to another employee." *Pardue,* 263 Ga. at 148, 429 S.E.2d at 914. The question, therefore, is whether McMurray and/or Hansen committed an affirmative act that caused or increased the risk of injury to Waver Padgett.

### A. Michael McMurray

■ There is simply no evidence that Michael McMurray took any affirmative action that caused or increased the risk of injury to Padgett. As Elkins' representative, McMurray was responsible for the general supervision of job-site safety; this duty, however, is non-delegable and cannot provide a basis for liability on the part of McMurray. Accordingly, Michael McMurray's motion for summary judgment on the issue of immunity under Georgia's workers compensation law is **GRANTED.**

### B. Wayne Hansen

■ According to plaintiff, Wayne Hansen told him that the closed chamber was ready for welding. Relying upon Hansen, plaintiff descended into the chamber where the explosion occurred. Viewing the facts in a light most favorable to the nonmovant, the court finds that Hansen's statement was an affirmative act that caused or increased the risk of injury to plaintiff. Accordingly, Wayne Hansen's motion for summary judgment on the issue of immunity under Georgia's worker's compensation law is **DENIED.**

## CONCLUSION

Defendants McMurray and Hansen's motion for summary judgment on the issue of immunity under Georgia's worker's compensation law is **GRANTED IN PART** and **DENIED IN PART.** Defendant McMurray's motion for summary judgment on the issue of immunity is **GRANTED.** However, de-

fendant Hansen's motion for summary judgment on the issue of immunity is **DENIED.**

**SO ORDERED.**

---

1. Defendant Roger Yorton is an engineer employed by CH2M Hill.